**WELLS et al. v. STONEROCK. (No. 2072.)**

Court of Civil Appeals of Texas. El Paso. Jan. 16, 1930.

Rehearing Denied Jan. 30, 1930.

See, also (Tex. Com. App.) 12 S.W.(2d) 961.

Taylor & Irwin, Jasper & Cruse, and Wm. M. Cramer, all of Dallas, for appellants.

R. L. Stennis, of Dallas, for appellee.

HIGGINS, J. This is a suit by appellants Wells and Collie, in the nature of a bill of review.

The material facts alleged are as follows: Appellants were sureties upon a replevy bond given in a suit brought by appellee, Stonerock, against J. H. Garmon. By virtue of such bond, Garmon retained possession of an automobile theretofore sequestrated by appellee. On September 9, 1924, said suit was tried, and, in response to a peremptory instruction, verdict was returned as follows:

"We, the jury find for the plaintiffs against the defendants for the amount sued for in plaintiffs' petition, together with legal inter-est thereon from the first day of January, 1921, aggregating the sum of $504.55, and for the foreclosure of plaintiffs' lien and for partition of the property described in plaintiffs' petition."

Upon this verdict judgment was rendered in appellee's favor against Garmon for $504.55, with interest from date at rate of 6 per cent. per annum, with foreclosure of lien upon the automobile:

"And it further appearing to the court that said above described car was owned equally by said J. W. Stonerock and J. G. Garmon and at the date of replevy was of the value of five hundred dollars and was replevied by said defendant, J. H. Garmon, who executed his replevy bond as above set out in the sum of One Thousand Dollars, with W. M. Collie and J. T. Wells sureties on said replevy bond, it is therefore ordered, adjudged and decreed by the court that said plaintiff, J. W. Stonerock have and recover of and from the defendant J. H. Garmon, and W. M. Collie, and J. T. Wells, the sureties on his replevy bond, jointly and severally, the sum of Six Hundred Seven and 10/100 Dollars ($607.10), with interest from this date at the rate of six per cent. per annum and costs of Court, for which he may have his execution."

The petition further alleges:

"2. Your plaintiffs show to the Court that said judgment is not in line with the verdict and does not follow the verdict of the jury, in that the verdict of the jury awards to the plaintiff in said suit a judgment of $505.55 with interest from September 9th, 1924, and a foreclosure of his lien against the automobile described, and a partition of certain property, and the judgment follows said verdict in all except paragraph four of said judgment where a judgment is rendered against these intervenors, jointly and severally for the sum of $607.10. That there is no finding in the verdict of the jury authorizing a judgment against your plaintiffs herein in this Bill in the sum of $607.10 or $504.55, or any other sum, as the jury did not find the value of the car replevied. That the plaintiff in that cause, J. W. Stonerock, waived his right to a judgment against the intervenors herein, J. T. Wells and W. M. Collie, when he failed to request the Court to charge the jury in said cause against these plaintiffs or intervenors to find the value of the car sequestrated and only requested that the Court charge the jury to award the plaintiff, J. W. Stonerock, a foreclosure of his lien against the car and that no valid judgment could therefore be rendered against these plaintiffs or intervenors, J. T. Wells and W. M. Collie in said cause.

"3. Plaintiffs in this Bill further show to the Court that said paragraph four of said

judgment is void as to them for the reason that said paragraph four authorizes an execution against these intervenors and the defendant Garmon, jointly and severally for $607.10 and that paragraph two authorizes an execution against the defendant Garmon for $504.55 and under the wording of said judgment if paragraph four were valid, two executions could be in the hands of different officers at the same time for execution and levied on different property, all for the same original debt due plaintiff, J. W. Stonerock, and that therefore as to these plaintiffs, J. T. Wells and W. M. Collie, said judgment is void, and they are without an adequate remedy at law and unless J. W. Stonerock and said judgment be permanently enjoined they will suffer irreparable injury.

"4. That paragraph four of said judgment is void as to the plaintiffs or intervenors in this Bill for the reason that the sureties, your plaintiffs in this Bill had a right to return the automobile sequestrated and have its value credited in satisfaction of the judgment against them, and that the verdict of the jury in said cause having failed to find the value of the automobile, they are deprived of this right, and that therefore the judgment against them is void and is not based on the verdict of the jury.

"5. That plaintiffs in this Bill further show to the Court, that notwithstanding said judgment being void for all reasons aforesaid, the said J. W. Stonerock heretofore caused execution to issue as heretofore set out in application for temporary injunction herein, the material allegations of which are hereby adopted and made a part hereof as if written herein, and by reason said judgment being void and the threatened execution thereunder and the levy on the property of the plaintiffs in this bill, they will suffer great and irreparable injury for which they have no adequate remedy at law and request that said temporary injunction be made permanent.

"Wherefore premises considered your plaintiffs in this bill pray that said judgment in so far as these plaintiffs are concerned be declared null and void, and that the temporary injunction heretofore granted herein be made permanent and/or that the defendant in this bill, J. W. Stonerock, be permanently enjoined by this Honorable Court from collecting or from attempting to collect said judgment as against these plaintiffs in this bill or in the alternative that said judgment be so reformed as to conform to the verdict of the jury and to speak the proper and only judgment the Court had jurisdiction to enter upon the said verdict, and for such other and further relief as to the Court may seem just and proper, etc."

The case presented by the pleading was on general demurrer disposed of in favor of appellee, Stonerock. Wells v. Stonerock (Tex. Com. App.) 12 S.W.(2d) 961.

In Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876, 877, it was said: "Where a court of general jurisdiction, in the exercise of its ordinary judicial functions, renders a judgment in a cause in which it has jurisdiction over the person of the defendant and the subject-matter of the controversy, such judgment is never void, no matter how erroneous it may appear, from the face of the record or otherwise, to be."

This rule has been repeatedly followed. Simmons v. Arnim, 110 Tex. 309, 220 S. W. 66; Templeton v. Ferguson, 89 Tex. 47, 33 S. W. 329; Pearson v. Lloyd (Tex. Civ. App.) 214 S. W. 759; and Evans v. McKay (Tex. Civ. App.) 212 S. W. 680, and others which might be cited.

The errors complained of in the judgment here assailed are apparent upon the face of the record, and upon appeal or writ of error could and would have been corrected, but this does not nullify the judgment. To so hold would be to substitute for the legal remedies of appeal and writ of error a suit to set aside and enjoin the execution of a merely erroneous judgment.

The rule announced in Clayton v. Hurt, supra, is applicable here. The demurrer was properly sustained.

The only case cited by appellants which we think supports their contention is Linn Bros. Motor Company v. Williams, 293 S. W. 658, by the Court of Civil Appeals of the Ninth District. In our opinion the decision in that case is contrary to the rule announced in the cases cited above, and for that reason we decline to follow the same.

Affirmed.