## J. T. WELLS ET AL. v. J. W. STONEROCK.

No. 5711.   Decided April 1, 1931.
(37 S. W., 2d Series, 712.)

*Taylor & Irwin* and *Wm. Cramer,* for appellants.

*R. L. Stennis,* for appellee.

MR. COMMISSIONER CRITZ delivered the opinion of the court.

This suit was filed by J. T. Wells and W. M. Collie against J. W. Stonerock.  The Court of Civil Appeals (24 S. W. (2d) 94), holds that the petition in the district court is in the nature of a bill of review.  We think that the petition cannot be so treated, as one of the parties to the judgment sought to be revised is not made a party to this suit.  Certainly a judgment cannot be revised in a suit in the nature of a bill of review unless all parties interested in the subject matter of the suit, which in this instance is a judgment, are made parties to the proceeding.

It seems from the petition in this case that on September 9th, 1924, J. W. Stonerock recovered in the district court of Dallas county, Texas, the following judgment:

"On this the 9th day of September, A. D. 1924, came on to be heard the above styled and numbered cause and plaintiff appeared by his attorneys and announced ready for trial, and the defendants, though having been *s*uly served and answered herein, failed to appear at the trial either in person or by attorney.  Thereupon came a jury of good and lawful men, to-wit: R. B. Prather and eleven othe*re*, who, after being duly sworn and impaneled to try said cause, and after hearing the pl*a*edings, the evidence and charge of the court retired to consider their verdict and returned into court upon instruction from the Court, the following verdict:

" 'We, the·jury, find for the Plaintiff against the defendants for the amount sued for in plaintiff's petition, together with legal interest thereon from the first day of January, 1921, aggregating the sum of $504.55, and for a foreclosure of plaintiff's lien, and for partition of the property described in plaintiff's petition

R. B. Prather
Foreman of ·the Jury'

"It is there*ofre* considered by the Court from said verdict of the jury and *form* the uncontradicted evidence that plaintiff, J. W. Stonerock, do have and recover of the defendant, J. H. Garmon, the sum of FIVE HUNDRED AND FOUR AND 55/100 DOLLARS ($504.55), with interest from this date at he rate of six per cent per annum and costs of court.

"IT IS FURTHER ORDERED AND DECREED BY THE COURT that plaintiff have a foreclosure of his lien against all defendants on one certain seven passenger Chalmers touring car, Model 32, Li*sc*ense 12089, as same existed at the institution of this suit February 11, 1921, against J. H. Garmon's one half interest in said car, and being the same car rep*l*ivied by defendant, J. H. Garmon, by replevy bond executed by said J. H. Garmon, as principal, and W. M. Collie, and J. T. Wells, as sureties, of date February 18, 1921, approved February 21, 1921, and filed herein February 23, 1921, for the principal sum of ONE THOUSAND DOLLARS ($1,000.00), to secure said sum of $504.55, and interest and costs of court, and that an order o*s* sale herein issued to the Sheriff or any Constable of Dallas County, or of any county where such property may be found, directing him to seize and sell the same as under execution in satisfaction of this judgment; and if said property cannot be found or if one half of the proceeds from such sale be insufficient to satisfy this judgment, then the officer executing this order shall make the money, or any balance thereof re*mianing* unpaid, out of any other property of said defendant, as in case of ordinary execution.

"AND IT IS FURTHER APPEARING TO The Court that said above described car was owned equally by said J. W. Stonerock and J. H. Garmon and at the date of replevy was of the value of FIVE · HUNDRED DOLLARS and was replievied by said defendant, J. .H. Garmon who executed his replevy bond as above set out in the sum of ONE THOUSAND DOLLARS, with W. M. Collie, and J. T. Wells as sureties on said replevy bond, IT IS THEREFORE ORDERED? ADJUDGED AND DECREED BY THE COURT that said plaintiff J. W. Stonerock, have and recover of and from the defendants, J. H. Garmon ,and W. M. Collie and J. T. Wells, the sureties on his replevy bond, jointly and severally, the sum of SIX HUNDRED SEVEN AND 10/100 DOLLARS ($607.10), with interest from this date at the rate

of six per cent per annum and costs of court, for which he may have his execution.

"IT IS FURTHER ORDERED AND DECREED BY THE COURT that plaintiff recover of and from the defendant J. H. Garmon, one-half interest in the above described car and one certain promissory note given by S. O. Lewis and wife payable to J. H. Garmon in the sum of SIX HUNDRED DOLLARS ($600.00) and secured by a lien on a house and lot in the State of Arizona, and one note given by W. C. Goff to the said J. W. Stonerock and J. H. Garmon in the sum of FOUR HUNDRED DOLLARS ($400.00) and secured by a mortgage on a Ford automobile in the state of Arizona, and for a partition and distribution in equal aprts of said car and said notes and any proceed therefrom by and between said J. W. Stonerock and J. H. Garmon.

"IT IS FURTHER ORDERED BY THE COURT that the defendanrs J. H. Garmon, E. B. Owen, H. B. Taylor and Champion Garage and Machine Shop, take nothing. For all of which let execution and writs of partition issue."

In the case at bar Wells and Collie seek to enjoin the collection of the above judgment against them on the ground that it is void, and in the alternative, they seek to revise and correct it so as to make it conform to the verdict of the jury.

We have already disposed of the question as to the sufficiency of the petition to adjudicate the right to revise. We are therefore only left to decide one issue, which is whether the pleadings of the plaintiff are sufficient as against a general demurrer to raise the issue as to whether the judgment is void. After a careful reading of the petition we have reached the conclusion that, as against a general demurrer the petition states a cause of action.

An examination of the judgment discloses that the first decreeing clause awards Stonerock a judgment against J. H. Garmon in the sum of $504.55. The next decreeing clause awards Stonerock a foreclosure of a lien against a one-half interest in one "Chalmers touring car," described as the car replevied by Garmon as principal and Collie and Wells as sureties. The next succeeding paragraph of the judgment states that it appearing that the above car was owned equally by Stonerock and Garmon and was worth $500 at the date of replevy, and then proceeds to award Stonerock a judgment against Garmon as principal and Collie and Wells as sureties on the replevy bond in the sum of $607.10.

When we attempt to analyze the judgment and harmonize the several clauses we are absolutely unable to arrive at its meaning. It awards, in the first instance, a judgment against Garmon for $504.55. In the next instance it awards a judgment against Garmon for $606.10. We are absolutely unable to ascertain from the judgment whether the $504.55 is a part of the $607.10, or whether the latter sum is in addition to the first

sum. Furthermore we are at a loss to understand from the statements of the judgment itself why Stonerock recovered a judgment against Garmon in the second instance for more than he did in the first instance, or why judgment was recovered against the sureties for more than the value of the car. The judgment states upon its face "And it further appearing to the court that said above described car * * * on the date of replevy was of the value of Five Hundred & No/100 ($500.00) Dollars," and then based on this finding awards a recovery of $607.10.

The judgment discloses that Garmon and Stonerock owned the above car equally. Also the judgment discloses that only the one-half interest of Garmon was foreclosed on to secure the payment of the judgment for $504.55, yet the matter of the other one-half interest which belonged to Stonerock is left in the air. A reading of the judgment as a whole leaves the impression that the car was sequestrated by virtue of an asserted lien on one-half interest thereof. If this be true the only conclusion to be drawn from the judgment is that the replevy bond cover only a one-half interest. In spite of this the sureties on the bond are held for even more than the entire interest. We think that there is no end to be attained in pursuing this discussion further. The judgment is utterly unintelligible on its face. It may be that when the entire judgment roll is considered in connection with the judgment that we can understand it, but the petition is certainly sufficient as against a general demurrer to present the issue of unintelligibility to the trial court.

We here wish to state that we find no fault with the rule announced in Clayton v. Hunt, 88 Texas, 595, 32 S. W., 878, cited and quoted from by the Court of Civil Appeals. Also we think the other authorities cited by that court which are in harmony with Clayton v. Hunt are still the law of this state. However, we do not think that these cases are authority to hold that a petition which demonstrates that a judgment is utterly unintelligible upon its face is subject to a general demurrer just because the trial court had jurisdiction of the case in the first instance and the parties thereto.

The pleadings in the instant case plead the judgment and plead that it is void for certain reasons. Such a pleading is good against a general demurrer.

It may be that when the entire judgment roll, including the original pleadings, are in evidence that the judgment may be understood.

The judgment of the Court of Civil Appeals and district court ought to be reversed and the cause remanded to the district court for a trial upon the merits.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.