MICREA, INC., Appellant,

v.

T. R. SIPKOWSKI, Appellee.

No. 1031.

Court of Civil Appeals of Texas,
Houston (14th Dist.),

Dec. 11, 1974.

Rehearing Denied Jan. 8, 1975.

Jon E. Mercer, Houston, for appellant.

Edwin H. Momberger, Houston, for appellee.

CURTISS BROWN, Justice.

This suit was founded on alternative counts of sworn account, written contract, quantum meruit, fraud and misrepresentation, and to enforce and foreclose a mechanic's and materialmen's lien.

Sipkowski (appellee) instituted this suit against Micrea, Inc. and others. The various counts alleged by appellee were founded on a written contract whereby Sipkow-ski as contractor, and Micrea as developer, entered into an agreement for the performance of certain work in the development of a tract of land in Grimes County. Micrea asserted in a cross-action that Sipkowski had not properly performed the contract and that it was therefore entitled to recover certain offsets and damages. The trial was to the court sitting without a jury. The court below entered judgment for appellee in the amount sued for and disallowed appellant's claim for damages and offsets.

Appellant has perfected this appeal claiming that, as a matter of law, the trial court erred. in failing to allow an offset for appellee's claimed deficiencies in the construction of the roadway, claimed deficiencies in the appellee's performance in the construction of a dam, and claimed expense in removing trees from a lake. Appellant also claims that the court erred in awarding pre-judgment interest and that all of the amount allowed appellee belonged to one C. A. Russell except for $4,293.63.

We overrule appellant's three points claiming that it established the offsets as a matter of law. To meet this burden, appellant would have to show that reasonable minds could not differ on the evidence in question. Clark v. National Life and Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820 (1947). With respect to the construction of the roadway, appellee testified that upon his completion of the work, the road was ready for sub-topping and paving as required by the contract. He also testified that he had raked the road as required. There is a conflict in the evidence as to whether rain and wear could have caused erosion of the roadway after completion. The trial court resolved this conflict against appellant. With respect to the dam, the evidence justified the finding of the trial court that appellant failed to provide the engineering service and supervision that it had agreed to perform. Furthermore, the evidence discloses

that appellee changed the width at the top of the dam at the direction of appellant's authorized agent. Again, there was conflicting testimony resolved by the trial court against appellant. The same holds true with respect to the point concerning the logs and material left in the lake. Appellee testified that the work was performed as directed. This was contradicted by appellant's evidence but no basis for disturbing the judgment of the trial court is demonstrated.

■ Appellant's assignment with regard to the award of pre-judgment interest is overruled. Appellee stated an alternative count sufficient to comply with Texas Rules of Civil Procedure, rule 185. The invoices submitted were ultimately approved by appellant's employee as a liquidated amount due and owing. Pre-judgment interest was properly allowed. Womack Machine Sup. Co. of Houston v. Fannin Bank, 504 S.W.2d 827 (Tex.Sup.1974); Vernon's Tex.Rev.Civ.Stat.Ann. art. 5069 § 1.03 (1960).

The only point on this appeal that has given us any concern is appellant's contention that the trial court erred in giving Sipkowski any judgment in excess of $4,293.63. This contention is predicated upon the proof that appellee had assigned Carla A. Russell $12,398.02 of his claim against Micrea to collaterize a loan. Appellant had acknowledged to Russell the existence of the debt and the receipt of notice of the assignment. Russell was not a party to this suit. We are thus presented with a two-fold problem, i.e. (1) whether Russell was an indispensable party, and (2) whether appellee had standing to maintain this suit except for the amount in excess of the assignment.

■ In Cooper v. Texas Gulf Industries, Inc., Tex. 513 S.W.2d 200 (1974), the Supreme Court construed amended Rule 39, Tex.R.Civ.P. (1971), and announced a departure from Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex. Sup.1966). The Supreme Court decided that the principal factor in determining this question now is whether the court ought to proceed with those who are present. One of the practical matters the court took into consideration is the fact that the case actually had been tried as to those parties who were present and there was no objection at the trial level concerning the non-joinder of a party. In this case, there was no such objection. No plea in abatement or motion attacking the court's jurisdiction was filed or made. We, therefore, conclude, as did the Supreme Court in Cooper, that the parties here were properly before the court for the resolution of the issues between them; and since they elected to proceed in the absence of Russell, her absence should not give rise to appellate relief to Micrea.

■ Appellant points out that it is subject to possible claims by Russell and it may be subject to double liability. It is not unusual for an action to be brought to recover a fund or payment which may be subject to a superior claim by a third party. If that be the situation, a defendant should not be permitted to retain use of such funds on the chance that a third party may eventually appear and assert his rights. A defendant's course, if he wishes to protect himself against double liability, is to interplead any and all possible claimants and bind them to the judgment. Diamond v. Oreamuno, 24 N.Y.2d 494, 301 N. Y.S.2d 78, 248 N.E.2d 910, 915 (Ct.App., New York 1969); Fort Worth & Denver Ry. Co. v. Ferguson, 261 S.W.2d 874 (Tex.Civ.App. Fort Worth 1953, writ dism'd).

The judgment is affirmed.