JOHN P. MaGUIRE & CO., INC., Appellant,

v.

James A. HANNON, Appellee.

No. 1769.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 1, 1978.

Wendell S. Loomis, Houston, for appellant.

Jim N. Vratis, Charles B. Kirklin, Houston, for appellee.

CIRE, Justice.

John P. MaGuire & Company, Incorporated (MaGuire) appeals from an equitable bill of review proceeding which resulted in a judgment for appellee, James A. Hannon.

In September 1975 MaGuire filed suit on a sworn account against James A. Hannon, Marianna L. King, and John D. Moore, Sr., all trading as Northline Carpet and Floor Covering. A default judgment was taken against King and in November 1975 the court granted a summary judgment against Hannon. A non-suit was taken as to defendant Moore.

In September 1976 Hannon filed a bill of review with the trial court alleging that he had not been served with citation in the suit; that he had not authorized anyone to file an answer in his behalf; and that he first became aware of the judgment when he was served with a "motion for contempt" in June 1976. The case proceeded to trial in May 1977 and thereafter the trial court entered its final judgment on June 3, 1977, setting aside the 1975 judgment against Hannon and ordering that MaGuire take nothing as against him. The judgment against Marianna King for $3,337.39 was reaffirmed.

■ Counsel for MaGuire, in its brief, asserts seven points of error committed by the trial court. Appellee, however, in its first three counterpoints, challenges the sufficiency of appellant's brief. We have examined appellant's brief and conclude that it is inadequate. Appellant neither cites nor relies on any cases, but, instead, indulges in hypotheses to support his propositions. This method of briefing is improper, is not condoned, and the points are waived. *See Austin Lake Estates Recreation Club, Inc. v. Gilliam*, 493 S.W.2d 343 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.); *Doss v. Blackstock*, 466 S.W.2d 59 (Tex. Civ.App.—Austin 1971, writ ref'd n. r. e.). The brief fails to state the alleged errors with specificity and the textual arguments are not correlated with the proper points. *See State Reserve Life Ins. Co. v. Ives*, 535 S.W.2d 400 (Tex.Civ.App.—Fort Worth 1976, no writ); *Hoover v. Barker*, 507 S.W.2d 299 (Tex.Civ.App.—Austin 1974, writ ref'd n. r. e.); *Schad v. Williams*, 398 S.W.2d 603 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.); Tex.R.Civ.P. 418. Additionally, appellant's brief fails to contain a short statement of the nature of the case, the pages are not numbered, and the brief fails to contain either a subject index or list of authorities, all in violation of Rule 418. Appellee's counterpoints challenging the sufficiency of appellant's brief are sustained.

■ On the day of submission counsel for appellant filed a "Suggestion of Fundamental Error for Nonjoinder of Necessary Party" brief with this court. Specifically, appellant claims that since Marianna King was not served or joined as a party in the bill of review case, the original judgment could not properly be revised. Appellant cites several cases to support this contention. *See, e. g., Sedgwick v. Kirby Lumber Co.*, 130 Tex. 163, 107 S.W.2d 358 (1937); *Wells v. Stonerock*, 120 Tex. 287, 37 S.W.2d 712 (1931); Tex.R.Civ.P. 39 (1967). Rule 39, however, has been amended, thus initiating a new method for resolving the question of joinder of parties. No longer are we concerned with the terms "proper," "necessary," "indispensable," "insistible," or "conditionally necessary." It is no longer a truly jurisdictional matter; "what is involved is a question of whether the court should decline to adjudicate the dispute because certain persons are absent." *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200, 204 (Tex.Sup.1974), *quoting* 7 C.

Wright & A. Miller, Federal Practice and Procedure § 1601, at 16 (1972). The supreme court in *Cooper* fully discussed the matter:

Under the provisions of our present Rule 39 it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined. Although not of controlling importance, the very title of the rule has been changed from "Necessary Joinder of Parties" to "Joinder of Persons Needed for Just Adjudication." Subdivision (a) provides that certain persons "shall be joined," but there is no arbitrary standard or precise formula for determining whether a particular person falls within its provisions.

513 S.W.2d at 204. Cases subsequent to *Cooper* reason that nonjoinder of other parties is not fundamental error. *In re Estate of O'Hara*, 549 S.W.2d 233 (Tex.Civ.App.— Dallas 1977, no writ history); *see McBurnett v. Gordon*, 534 S.W.2d 370 (Tex.Civ. App.—Beaumont 1976, writ ref'd n. r. e.); *Micrea, Inc. v. Sipkowski*, 517 S.W.2d 655 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n. r. e.).

The trial court's judgment is affirmed.

Affirmed.