**TEXAS INSTITUTE, INC., Appellant,**

v.

**James JORDAN, Appellee.**

**No. 20270.**

Court of Civil Appeals of Texas, Dallas.

June 18, 1980.

Rehearing Denied July 15, 1980.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

CARVER, Justice.

Our former opinion dated May 23, 1980, is withdrawn and the following opinion is substituted therefor. The appellee's motion for rehearing is overruled.

Texas Institute, Inc., appellant, appeals from a judgment in favor of James Jordan, appellee, for unpaid commissions and bonuses. The judgment provides, in pertinent part, as follows:

Clayton E. Devin, Ray, Anderson, Shields, Trotti & Hemphill, Dallas, for appellant.

R. Gregory Lamb, Tygrett, Walker & Lamb, Dallas, for appellee.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff recover from Defendant ~~Two~~ *Two hundred* ~~Thousand Seven Hundred~~ *($200.00)* ~~Twenty-Seven and 50/100 Dollars ($1,727.50)~~ attorney's fees in the amount of *$750.00* _____, with interest to run at nine percent (9%) per annum, from date of Judgment until paid, and all costs of Court for which let execution issue.

ENTERED this __9__ day of *July*, 1979.

_____
JUDGE

We reverse and remand because the judgment is unintelligible as written and incapable of any construction so as to make it intelligible.

Jordan filed suit against Texas Institute asserting that he had been employed under a written agreement to solicit students to enroll in a trade school operated by Texas Institute. Jordan claimed that he had been wrongfully discharged, that there were unpaid commissions and bonuses due him at the time of discharge, that he was damaged by being wrongfully deprived of future earnings, and that he was entitled to attorney's fees incurred in prosecuting his claim. Texas Institute responded by asserting that Jordan had actually been overpaid in the past because students who had enrolled either failed to pay tuition, failed to qualify, failed to attend classes or failed to graduate; that Jordan's agreement did not specify a term but was terminable at the will of either party, and therefore Jordan was not *wrongfully* discharged nor did he suffer any compensable damage from discharge; and, finally, that since Texas Institute owed Jordan nothing, he could not recover attorney's fees.

Trial was to a jury which found that (1) Jordan was due commissions in the amount of $200; (2) Texas Institute did not have good cause to terminate Jordan; and (3) Jordan suffered damages from termination in the amount of $1,527.50. The parties

apparently agreed to submit the issue of attorney fees to the court rather than the jury. Texas Institute moved for an instructed verdict when Jordan rested, and again when both parties closed. These motions were overruled. In addition, Texas Institute's motions to disregard findings and for judgment notwithstanding the verdict were filed but no formal orders were entered thereon. The trial court, however, then entered the judgment quoted above.

The judgment entered cannot be reconciled to the jury's verdict as returned, nor can it be reconciled to any order of the trial court relating to the verdict. The judgment rendered does not grant relief on a cause of action for the prosecution of which an attorney's fee is an authorized additional relief. The judgment rendered does not say what amount of money is actually awarded for attorney's fees, that is whether the amount precedes or follows the words "attorney's fee" or, perhaps, includes both amounts. In *Wells v. Stonerock*, 120 Tex. 287, 37 S.W.2d 712 (1931), our supreme court held that a judgment utterly unintelligible on its face was a nullity. In *American Casualty and Life Ins. Co. v. Boyd*, 394 S.W.2d 685 (Tex.Civ.App.—Tyler 1965, no writ), the court, relying on *Wells* and numerous other authorities cited in the opinion, reached the same conclusion. We find and hold that the judgment entered by the trial court in this case is unintelligible on its face and is, therefore, a nullity without legal force and effect.

In light of the necessity of new trial, we will briefly address the points raised and argued upon appeal. Texas Institute objected to Special Issue 1 (submitting merely the amount due Jordan) in the trial court on the ground that it required the jury interpretate the contract of the parties (a duty of the court) and omitted from its language the "chargebacks" that the school was entitled to under the contract. An examination of the employment contract reveals that Jordan was entitled to a commission for the enrollment of a student who "has paid a minimum of $50 down, passed the Aptitude Test, and been accepted by the school."

The contract also provides, however, that the school may chargeback "enrollments wherein the student does not start in the originally scheduled class, or a class that starts within the same four weeks pay period." Since the record reflects that several students fell into each of the categories and that the evidence with respect to each student differed, we conclude that the form of Special Issue 1, coupled with the absence of any instruction by the trial court, failed to submit the parties' actual dispute to the jury. Neither the parties, the trial court, nor this court has the benefit of a jury's finding as to each student's enrollment or "chargeback" as defined by the contract. We do not intend to say that "broad submission" and "appropriate instruction," as invited by Tex.R.Civ.P. 277, cannot be accomplished in the submission by the trial court, but we do hold that Special Issue 1, unaided by any instructions, failed to submit the disputed issues of "enrollments" and "chargebacks" for the students involved and, hence, Jordan's right to recover.

Although the jury's verdict found that Jordan had been terminated without good cause and that Jordan had suffered $1,527.50 damages, no relief on this cause of action was granted to Jordan in the judgment. Texas Institute does not complain of the *judgment* in its appeal, and Jordan files no cross-appeal or points complaining of the *denial of judgment*. Thus it appears *both* parties are satisfied with the trial court's disposition of any cause of action based upon termination of Jordan without cause. We affirm the trial court's judgment insofar as it disposes of the cause of action asserted by Jordan for termination without cause and any damages caused thereby.

Texas Institute also complains that the award of attorney's fees is "manifestly unjust" because the amount was disproportionately large compared to the small recovery. Since the cause must be tried again and this issue either submitted to the court or jury, we will refrain from anticipating any particular proportion that may be reflected by a new trial. We note that *Magids v. Dorman*, 430 S.W.2d 910 (Tex.Civ.

App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.), discusses the appropriate parameters of attorney's fees, and we agree with that analysis.

Accordingly, we reverse the judgment of the trial court and remand for new trial only the issues of enrollments by Jordan upon which any commission may be due under the terms of the contract of the parties, chargebacks against Jordan under the terms of the contract of the parties, and reasonable and necessary attorney's fees, if there is a successful prosecution of Jordan's claim.

Reversed and remanded.