**HAWK LEASING COMPANY, INC., Appellant,**

v.

**TEXAS WORKFORCE COMMISSION, f/k/a Texas Employment Commission, Appellee.**

No. 05–96–01116–CV.

Court of Appeals of Texas, Dallas.

March 31, 1998.

Alan Mask, Jenkins Watkins & Mask, P.C., David Watkins, Jenkins & Watkins, P.C., Dallas, for Appellant.

Thomas J. Meaney, Office of Attorney General, James Thomas Parsons, Assistant Attorney General, Austin, for Appellee.

Before KINKEADE, JAMES and MOSELEY, JJ.

## OPINION

JAMES, Justice.

Hawk Leasing Company appeals the summary judgment the trial court granted in favor of the Texas Workforce Commission, formerly known as the Texas Employment Commission (TEC). Hawk brings two points of error contending the trial court erred in granting TEC's motion for summary judgment and denying Hawk's motion for summary judgment because: (1) TEC had no authority under the Texas Payday Law to order payment of the federal minimum wage for the benefit of Hawk's employee; and (2) the federal Fair Labor Standards Act preempts TEC from enforcing any right to minimum wage compensation created by the Fair Labor Standards Act. TEC brings one crosspoint contending the trial court erred in denying TEC's plea to the jurisdiction and declaring section 61.063(a)(2) and (b) of the Texas Labor Code unconstitutional. We hold section 61.063(a)(2) of the Texas Labor Code is constitutional but that section 61.063(b) is unconstitutional under article one, section thirteen of the Texas Constitution. Accordingly, we sustain TEC's crosspoint in part and overrule it in part. Because the trial court's judgment is contradictory, we reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

Hawk hired Jesse Ivory on January 16, 1995 to work as a truck driver in interstate commerce. Pursuant to an employment agreement, Ivory would receive twenty-three percent of the gross transportation payments for each load. The contract could be terminated by either party with two weeks' notice. After completing a delivery to Atlanta in early February 1995, Ivory telephoned Hawk's Dallas office and said he was quitting and bringing the truck back to Dallas. Hawk told Ivory to wait a few days so he could return with a paying load. Ivory refused to wait and returned to Dallas.

Ivory worked for Hawk for four weeks—from January 16, 1995 to February 13, 1995. Ivory's gross earnings during this time were $1,509.82. Hawk had advanced Ivory $303.69 of the salary. Hawk deducted $200 from the earnings for failure to give two weeks' notice of termination and $1,700 for driving the truck 850 miles out of route. After withholding federal taxes of $91.13, Hawk claimed Ivory owed Hawk over $700 and paid him nothing.

Ivory filed a wage claim with TEC on February 28, 1995. On June 1, 1995, TEC entered a preliminary wage determination order awarding Ivory $880. Hawk contested the order. On July 31, 1995, TEC held a hearing on the contested preliminary wage determination. On August 4, 1995, TEC issued a written order modifying the preliminary wage determination and ordering Hawk to pay Ivory $612 (TEC order). Without depositing the wage-claim award with TEC, Hawk filed suit in district court against TEC and Ivory challenging the TEC order. Hawk and TEC filed opposing motions for summary judgment. The trial court granted TEC's motion for summary judgment, denied Hawk's, and affirmed the TEC order awarding Ivory $612 on his wage claim. Ivory did not appear in the suit, and the trial court entered a default judgment against him stating, "IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Jesse Ivory, III, one of the Defendants, take nothing from Hawk Leasing Company, Inc., by his wage claim."

## PLEA TO THE JURISDICTION

In its crosspoint, TEC contends the trial court erred in denying its plea to the jurisdiction. Texas Labor Code section 61.063 requires an employer seeking judicial review of TEC's determination of an employee's wage claim to send the amount of the award to TEC for deposit in an interest-bearing account or to file an affidavit of inability to pay. TEX. LAB.CODE ANN. § 61.063(a)(2), (b) (Vernon 1996).[1] The failure to send the award or to file an affidavit of inability to pay "constitutes a waiver of the right to judicial review." Id. § 61.063(b). Hawk did not comply with this section. With its request for judicial review of the TEC order, Hawk requested a declaratory judgment that section 61.063(a)(2) and (b) violated the open court's provision of the Texas Constitution. TEC filed a plea to the jurisdiction requesting the trial court dismiss the case for want of jurisdiction due to Hawk's failure to send the amount of the award to TEC. The trial court agreed with Hawk and declared section 61.063(a)(2) and (b) unconstitutional.

■ Article one, section thirteen of the Texas Constitution provides, "All courts shall be open, and every person for an injury done

---

1. Section 61.063 of the Texas Labor Code reads:

    (a) Not later than the 30th day after the date a commission order becomes final, the party required to pay wages or a penalty shall:

      (1) pay the amount to the commission; or

      (2) if the party files a petition for judicial review in a court of competent jurisdiction contesting the final order, send the amount to the commission for deposit in an interest-bearing escrow account.

    (b) Unless the party files an affidavit of inability to pay with the clerk of the court within the period specified in Subsection (a), failure to send the amount within that period constitutes a waiver of the right to judicial review.

    (c) If after judicial review it is determined that some or all of the wages are not owed or the penalty is reduced or is not assessed, the commission shall remit the appropriate amount to the party assessed the wage payment or penalty, plus the interest accrued on the escrowed amount. Interest under the section shall be paid for the period beginning on the date the assessed amount is paid to the commission and ending on the date the amount is remitted to the party.

TEX. LAB.CODE ANN § 61.063 (Vernon 1996).

him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. This provision includes at least three separate constitutional guarantees: (1) courts must actually be open and operating; (2) the legislature cannot impede access to the courts through *unreasonable* financial barriers; and (3) the legislature may not abrogate well-established common-law causes of action unless the reason for its action outweighs the litigants' constitutional right of redress. *Central Appraisal Dist. v. Lall,* 924 S.W.2d 686, 689 (Tex.1996); *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 448 (Tex. 1993). The second guarantee is at issue in this case, i.e., whether section 61.063's requirement that an employer deposit the amount of the administrative ruling with TEC as a prerequisite to the right to judicial review in the trial court constitutes an unreasonable financial barrier to access to the courts. TEC bears the burden of demonstrating "that the legislative purpose outweighs the interference with the individual's right of access." *Lall,* 924 S.W.2d at 689.

In *Central Appraisal District v. Lall,* the supreme court considered a similar statutory impediment to access to the courts. In that case, the taxpayers protested their property tax assessments before their local appraisal boards which denied the protests.[2] *Id.* at 687–88. Without posting the amount of the previous year's tax, the taxpayers sought judicial review of the appraisal district ruling. Section 42.08 of the Texas Tax Code required the parties to deposit the amount of the previous year's tax assessment before they could seek judicial review. *See* TEX. TAX CODE ANN. § 42.08(b) (Vernon Supp.1998). The trial courts dismissed the suits for want of jurisdiction. In the supreme court, the appraisal districts argued that conditioning the right to judicial review on payment of the tax was necessary to guarantee timely payment and collection of the tax during the period of review. The supreme court ruled that the statutory requirement of prepaying the tax before obtaining access to the courts was an unreasonable financial barrier because the same goal could be met by permit-

ting the appraisal districts to collect the tax during the judicial review period without conditioning the right to judicial review on payment of the tax. *Lall,* 924 S.W.2d at 691. The appraisal districts also argued that the statute was constitutional because it did not require indigent taxpayers to prepay the taxes before seeking judicial review. The supreme court rejected that argument because the statute constituted an unreasonable financial barrier regardless of the taxpayer's ability to pay. *Id.* at 692.

In this case, TEC argues that conditioning the employer's right to judicial review on payment of the disputed wages is reasonable because the prepayment requirement ensures that the earned wages will be available to the individual immediately upon the award becoming final. The same goal can be met, however, by mandating that an employer pay the disputed wages to TEC to hold in escrow for the employee during the pendency of the appeal but without conditioning the right to judicial review on that payment. The legislature could permit TEC to undertake collection proceedings against employers appealing the administrative judgment without paying the disputed wages to TEC during the pendency of the appeal. Because the goal of the statute, collection of unpaid wages, can be met without abridging the employer's right of access to the courts, the trial court did not err in declaring section 61.063(b) of the Texas Labor Code unconstitutional. *See also Texas Ass'n of Business,* 852 S.W.2d at 450 (conditioning right to judicial review of administrative penalty on payment of penalty is unconstitutional restriction on access to courts); *Dillingham v. Putnam,* 109 Tex. 1, 5, 14 S.W. 303, 305 (1890) (conditioning right to appeal civil judgment on supersedeas bond is unconstitutional restriction on access to courts).

■ We disagree with the trial court's declaration that section 61.063(a)(2) is unconstitutional. That section provides that an employer seeking judicial review of TEC's final order must send the wage amount to TEC for deposit in an interest-bearing es-

---

2. *Lall* was a consolidation of two separate cases from this Court. *See Lall,* 924 S.W.2d at 687–88.

The supreme court's opinion involved separate sets of litigants before different trial courts.

crow account for the benefit of the employee. Tex. Lab.Code Ann. § 61.063(a)(2) (Vernon 1996). Essentially, the statute holds that the employer is liable for the claim while judicial review is proceeding. It does not condition the right to judicial review on paying the wage amount. So long as the right to judicial review is not conditioned on compliance with this provision, the statute does not violate the open courts guarantee. *See Lall*, 924 S.W.2d at 691; *Texas Ass'n of Business*, 852 S.W.2d at 449. We hold that the trial court erred in declaring Texas Labor Code section 61.063(a)(2) unconstitutional. We sustain TEC's crosspoint in part and overrule it in part.

## VALIDITY OF THE JUDGMENT

■ When an employer seeks judicial review of a TEC ruling on an employee's wage claim, the employer brings suit making TEC and any other party to the proceeding before TEC defendants in the suit. Tex. Lab.Code Ann. § 61.062(c) (Vernon 1996). The employer must deposit with TEC the amount of wages owed under the TEC order. That money is placed in an interest-bearing escrow account until the termination of the judicial proceedings. *Id.* § 61.063(a)(2). When the judicial review is complete, TEC pays the employee from the escrow account the amount of wages owed, if any, and any interest earned on the wages and returns any remaining funds to the employer. *Id.* §§ 61.063(c), 61.064. The judicial review is in the form of an appeal "by trial de novo with the substantial evidence rule being the standard of review." *Id.* § 61.062(e).

In this case, Hawk sued TEC and Ivory for judicial review of the TEC order that Hawk owed Ivory $612 on Ivory's wage claim. Ivory did not answer. In the "Final Summary Judgment," dated May 28, 1996, the trial court granted TEC's motion for summary judgment and stated that TEC did not exceed its authority granted by the Texas Labor Code and that the administrative remedy awarded by TEC was not federally preempted. The trial court stated that it "is therefore of the opinion that substantial evidence supported the TEC's administrative determination." The trial court denied

Hawk's motion for summary judgment except for the issue of the constitutionality of Texas Labor Code sections 61.063(a)(2) and (b). The trial court also stated, "IT IS FURTHER ORDERED that Default Judgment is GRANTED in favor of Hawk with respect to Defendant Ivory for his failure to answer or appear in this cause of action." After the transcript was filed, this Court determined that the judgment, although stating that default judgment was granted against Ivory in favor of Hawk, did not actually dispose of Hawk's claims against Ivory. We asked Hawk to obtain a ruling from the trial court disposing of those claims. Hawk subsequently filed a supplemental transcript containing a default judgment dated August 13, 1996. In that default judgment, the trial court ordered that Ivory "take nothing from Hawk Leasing Company, Inc., by his wage claim."

The parties were before the trial court to determine the propriety of the TEC's ruling on Ivory's wage claim. The ruling ordered Hawk to pay Ivory $612 on Ivory's wage claim. In the May 28, 1996 "Final Summary Judgment," the trial court ruled that "substantial evidence supported the TEC's administrative review," essentially affirming the TEC order. However, on August 13, 1996, in the "Order Granting Default Judgment," the trial court "ORDERED, ADJUDGED, AND DECREED" that Ivory take nothing on his wage claim against Hawk. By ordering that Ivory take nothing on his wage claim, the trial court essentially overturned the TEC order that Hawk owed Ivory $612 on Ivory's wage claim. However, the summary judgment in favor of TEC affirming the TEC order remains in place. The effect of the trial court's judgment is that Ivory both can and cannot recover on his wage claim.

■ The contradictory nature of the judgment leaves us unable to address Hawk's points of error. If the judgment is a take-nothing judgment in favor of Hawk, our review of the points of error would be purely advisory. Texas courts do not have jurisdiction to issue advisory opinions. *See, e.g., Texas Ass'n of Business*, 852 S.W.2d at 444.

A judgment irreconcilable on its face is void. *See Wells v. Stonerock,* 120 Tex. 287, 290, 37 S.W.2d 712, 713 (1931); *Texas Inst., Inc. v. Jordan,* 602 S.W.2d 342, 344 (Tex.Civ. App.—Dallas 1980, no writ). The trial court's judgment in this case is contradictory and irreconcilable. Therefore, it is void. *See Wells,* 120 Tex. at 290, 37 S.W.2d at 713; *Texas Inst.,* 602 S.W.2d at 344.

Accordingly, we affirm the trial court's judgment to the extent that it declares Texas Labor Code section 61.063(b) unconstitutional. In all other respects, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings.