L & T CHARTERS V. AM. NAT'L LEASTING

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-379-CV

L&T CHARTERS, INC. APPELLANTS

AND LUZ LERMA 

V.

AMERICAN NATIONAL APPELLEE

LEASING COMPANY 

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants L&T Charters, Inc. and Luz Lerma appeal from a summary judgment in favor of Appellee American National Leasing Company.  We affirm.

Background

Appellee sued Appellants for breach of various lease agreements between Appellee and Appellants.  Appellee alleged that the parties signed five leases in which Appellee agreed to lease buses to Appellants, and that Appellants defaulted on payments under the leases.  Appellants filed a general denial, which did not include an assertion of any affirmative defenses or a counterclaim.
(footnote: 2)  Appellee filed a motion for summary judgment contending:  there was no issue of material fact regarding the $264,026.57 owed by Appellants under the lease agreements; Appellants had not raised any affirmative defenses or counterclaims that would preclude summary judgment; and Appellee was entitled to judgment as a matter of law.  Appellants did not file a response to the motion for summary judgment.  On November 24, 2003, the trial court signed an order granting Appellee’s motion for summary judgment.

Appellants’ Issue On Appeal
 

In their sole issue on appeal, Appellants contend the trial court erred in granting summary judgment in favor of Appellee.  Appellants do not challenge the trial court’s determination that Appellee is entitled to judgment as a matter of law.  Rather, Appellants complain that one specific paragraph in the trial court’s judgment “is unintelligible and cannot be read and understood by an interested reader, particularly a ministerial officer whose responsibility it is to enforce or collect on the judgment.”

The paragraph in the trial court’s judgment about which Appellants complain states:

IT IS THEREFORE ORDERED
 that judgment is entered in favor of Plaintiff and against Defendants fees in the amount of 
$264,026.57
, plus attorney fees, fees in the amount of 
$6,300.00
, and if an appeal be made to the Court of Appeals an additional sum of 
$3,500.00
 and if an application for writ of error be filed in the Texas Supreme Court an additional sum of 
$3,500.00
 and if the application for writ of error be granted an additional sum of 
$3,500.00
, and for costs of Court herein expended.

Appellants correctly cite 
Stewart v. USA Custom Paint & Body Shop, Inc.
 for the proposition that a judgment must be sufficiently definite and certain to define and protect the rights of all litigants, or it should provide a definite means of ascertaining such rights, so that ministerial officers can carry the judgment into execution without ascertainment of facts not stated in the judgment.  870 S.W.2d 18, 20 (Tex. 1994); 
see also Karen Corp. v. Burlington N. & Santa Fe Ry. Co.
, 107 S.W.3d 118, 125 (Tex. App.—Fort Worth 2003, pet. denied).  Additionally, “[t]he judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity.”  
Tex. R. Civ. P.
 301.    

In support of their contention that the paragraph in the trial court’s judgment is not sufficiently definite, Appellants assert the case of 
Wells v. Stonerock
 is directly on point.  120 Tex. 287, 37 S.W.2d 712 (1931).  In that case, the supreme court held that the judgment was “utterly unintelligible on its face.”  
Id.
 at 713.  However, the facts of 
Wells
 differ greatly from those in the instant case.  In 
Wells
, the trial court’s judgment recited two clearly conflicting provisions relating to the award of monetary damages to be paid by defendants.  
Id.
 at 712-13.  

In contrast, the trial court’s judgment in the case at bar does not contain any such conflicting provisions.  The judgment recites that:  Appellee is entitled to summary judgment as a matter of law because there are no genuine issues of material fact; Appellants have not produced any evidence that they have a defense to Appellee’s claims; Appellants entered into the lease agreements, received the property that is the subject of the lease agreements, and failed to make payments as required under the leases; and each Appellant is liable to Appellee for the amounts described in the supporting affidavits to the motion for summary judgment.
(footnote: 3)
 The next paragraph in the judgment is the one specifically complained of by Appellants.  Our review of that paragraph reveals that the trial court ordered that Appellants pay Appellee the amount of $267,026.57, plus varying amounts of attorney’s fees,
(footnote: 4) and costs of court.  The judgment conforms to the pleadings and accurately reflects the nature of the case.  We conclude the judgment is sufficiently definite and certain to protect the rights of all litigants so that a ministerial officer is able to execute upon the judgment.  Accordingly, we hold the trial court did not err in granting summary judgment in favor of Appellee.       

Conclusion
 

We overrule Appellants’ sole issue on appeal and affirm the judgment of the trial court. 

PER CURIAM

PANEL A: HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED:  June 3, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4. 

2:
Appellants did plead for recovery of their attorney’s fees and costs incurred in defending the lawsuit.

3:
The affidavit of the Appellee’s assistant vice president stated that Appellants owed a balance on the leases of $267,026.57 as of August 22, 2003.  The affidavit of Appellee’s attorney specified that a reasonable fee for his services through post-judgment discovery and execution of judgment is $6,300; and if Appellants make unsuccessful appeals to the court of appeals or to the Texas Supreme Court, a reasonable attorney’s fee for his services in each court would be $3,500.

4:
Appellants do not complain on appeal that the trial court did not condition the award of appellate attorney’s fees on Appellee’s success in the appellate court; therefore, we do not address this matter.