COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-379-CV
  
  
L&T 
CHARTERS, INC.                                                          APPELLANTS
AND 
LUZ LERMA 

V.
 
AMERICAN 
NATIONAL                                                              APPELLEE
LEASING 
COMPANY
 
  
------------
 
FROM 
THE 89TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellants 
L&T Charters, Inc. and Luz Lerma appeal from a summary judgment in favor of 
Appellee American National Leasing Company.  We affirm.
Background
        Appellee 
sued Appellants for breach of various lease agreements between Appellee and 
Appellants.  Appellee alleged that the parties signed five leases in which 
Appellee agreed to lease buses to Appellants, and that Appellants defaulted on 
payments under the leases.  Appellants filed a general denial, which did 
not include an assertion of any affirmative defenses or a counterclaim.[2]  Appellee filed a motion for summary judgment 
contending: there was no issue of material fact regarding the $264,026.57 owed 
by Appellants under the lease agreements; Appellants had not raised any 
affirmative defenses or counterclaims that would preclude summary judgment; and 
Appellee was entitled to judgment as a matter of law.  Appellants did not 
file a response to the motion for summary judgment.  On November 24, 2003, 
the trial court signed an order granting Appellee’s motion for summary 
judgment.
Appellants’ 
Issue On Appeal
        In 
their sole issue on appeal, Appellants contend the trial court erred in granting 
summary judgment in favor of Appellee.  Appellants do not challenge the 
trial court’s determination that Appellee is entitled to judgment as a matter 
of law.  Rather, Appellants complain that one specific paragraph in the 
trial court’s judgment “is unintelligible and cannot be read and understood 
by an interested reader, particularly a ministerial officer whose responsibility 
it is to enforce or collect on the judgment.”
        The 
paragraph in the trial court’s judgment about which Appellants complain 
states:
 
IT IS THEREFORE ORDERED that judgment is 
entered in favor of Plaintiff and against Defendants fees in the amount of $264,026.57, plus attorney fees, fees 
in the amount of $6,300.00, and 
if an appeal be made to the Court of Appeals an additional sum of $3,500.00 and if an application for 
writ of error be filed in the Texas Supreme Court an additional sum of $3,500.00 and if the application for 
writ of error be granted an additional sum of $3,500.00, and for costs of Court 
herein expended.

        Appellants 
correctly cite Stewart v. USA Custom Paint & Body Shop, Inc. for the 
proposition that a judgment must be sufficiently definite and certain to define 
and protect the rights of all litigants, or it should provide a definite means 
of ascertaining such rights, so that ministerial officers can carry the judgment 
into execution without ascertainment of facts not stated in the judgment.  
870 S.W.2d 18, 20 (Tex. 1994); see also Karen Corp. v. Burlington N. & 
Santa Fe Ry. Co., 107 S.W.3d 118, 125 (Tex. App.—Fort Worth 2003, pet. 
denied).  Additionally, “[t]he judgment of the court shall conform to the 
pleadings, the nature of the case proved and the verdict, if any, and shall be 
so framed as to give the party all the relief to which he may be entitled either 
in law or equity.”  Tex. R. Civ. 
P. 301.
        In 
support of their contention that the paragraph in the trial court’s judgment 
is not sufficiently definite, Appellants assert the case of Wells v. 
Stonerock is directly on point.  120 Tex. 287, 37 S.W.2d 712 
(1931).  In that case, the supreme court held that the judgment was 
“utterly unintelligible on its face.” Id. at 713.  However, the 
facts of Wells differ greatly from those in the instant case.  In Wells, 
the trial court’s judgment recited two clearly conflicting provisions relating 
to the award of monetary damages to be paid by defendants.  Id. at 
712-13.
        In 
contrast, the trial court’s judgment in the case at bar does not contain any 
such conflicting provisions.  The judgment recites that: Appellee is 
entitled to summary judgment as a matter of law because there are no genuine 
issues of material fact; Appellants have not produced any evidence that they 
have a defense to Appellee’s claims; Appellants entered into the lease 
agreements, received the property that is the subject of the lease agreements, 
and failed to make payments as required under the leases; and each Appellant is 
liable to Appellee for the amounts described in the supporting affidavits to the 
motion for summary judgment.[3]
        The 
next paragraph in the judgment is the one specifically complained of by 
Appellants.  Our review of that paragraph reveals that the trial court 
ordered that Appellants pay Appellee the amount of $267,026.57, plus varying 
amounts of attorney’s fees,[4] and costs of 
court.  The judgment conforms to the pleadings and accurately reflects the 
nature of the case.  We conclude the judgment is sufficiently definite and 
certain to protect the rights of all litigants so that a ministerial officer is 
able to execute upon the judgment.  Accordingly, we hold the trial court 
did not err in granting summary judgment in favor of Appellee.
Conclusion
        We 
overrule Appellants’ sole issue on appeal and affirm the judgment of the trial 
court.
 
 
                                                                  PER 
CURIAM
  
PANEL 
A:    HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.
DELIVERED: 
June 3, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellants did plead for recovery of their attorney’s fees and costs incurred 
in defending the lawsuit.
3.  
The affidavit of the Appellee’s assistant vice president stated that 
Appellants owed a balance on the leases of $267,026.57 as of August 22, 2003. 
The affidavit of Appellee’s attorney specified that a reasonable fee for his 
services through post-judgment discovery and execution of judgment is $6,300; 
and if Appellants make unsuccessful appeals to the court of appeals or to the 
Texas Supreme Court, a reasonable attorney’s fee for his services in each 
court would be $3,500.
4.  
Appellants do not complain on appeal that the trial court did not condition the 
award of appellate attorney’s fees on Appellee’s success in the appellate 
court; therefore, we do not address this matter.