CENTRAL APPRAISAL DISTRICT OF
ROCKWALL COUNTY, Petitioner,

v.

Len LALL and Annette
Lall, Respondents.

DALLAS CENTRAL APPRAISAL
DISTRICT, Petitioner,

v.

W.V. GRANT EVANGELISTIC
ASSOCIATION, Inc.,
Respondent.

Nos. 95–0710, 95–0717.

Supreme Court of Texas.

Argued Dec. 13, 1995.

Decided June 14, 1996.

Rehearing Overruled Sept. 16, 1996.

Peter W. Low, Austin, for Petitioner Cent. Appraisal Dist. of Rockwall County.

John Brusniak, Jr., Dallas, for Respondents Len and Annette Lall.

Peter G. Smith, Dallas, for Petitioner Dallas Cent. Appraisal Dist.

John Brusniak, Jr., Dallas, Dennis G. Brewer, Irving, Todd Clement, Dallas, for Respondent W.V. Grant Evangelistic Ass'n, Inc.

PHILLIPS, Chief Justice, delivered the opinion of the Court, in which GONZALEZ, HECHT, CORNYN, ENOCH, SPECTOR, OWEN and ABBOTT, JJ., joined.

PHILLIPS, Chief Justice.

Under section 42.08 of the Texas Tax Code, a taxpayer forfeits the right to judicial review of an ad valorem tax assessment if the taxpayer does not pay, before the delinquency date, 1) the amount of taxes due on that portion of the taxable value of the property that is not in dispute, or 2) the amount of taxes imposed on the property in the preceding year, whichever is greater. The issue presented in these consolidated causes is whether this forfeiture provision violates article I, section 13 of the Texas Constitution, which guarantees the right to open courts. In each cause, the court of appeals held that the forfeiture provision in its entirety violated the open courts provision, reversing the trial court's dismissal of the taxpayer's suit. Because we conclude that the forfeiture provision violates the right to open courts only as applied to the second prong of the prepayment requirement (amount of taxes imposed in preceding year), we modify the judgments of the court of appeals and remand these causes to the trial courts for further proceedings.

I

A

W.V. Grant Evangelistic Association, Inc. ("Grant") owns real and personal property in Dallas County. For tax year 1993, Grant timely applied for an ad valorem tax exemption under section 11.20 of the Texas Tax Code, which exempts property owned by religious organizations and used for religious worship.[1] After the Dallas Central Appraisal District denied the exemption, Grant filed a protest with the Dallas County Appraisal Review Board, which denied the protest. *See* TEX. TAX CODE § 41.01(1). Grant then filed a petition for judicial review in district court in October 1993. *See id.* § 42.01.

---

1. While the property owned by Grant was apparently not subject to a religious exemption for tax year 1992, the record does not reflect the amount of taxes previously imposed on that property.

Grant failed to tender the partial payment required under section 42.08 before the February 1, 1994, delinquency date. Accordingly, on the Appraisal District's motion, the trial court dismissed Grant's suit, rejecting Grant's constitutional challenge to the forfeiture provision.

The court of appeals reversed the trial court's dismissal. 900 S.W.2d 789. Because section 42.08 conditions judicial review on payment of some or all of the assessed taxes, the court concluded that it imposes an unreasonable financial barrier to access to the courts, in violation of the open courts guarantee. *Id.* at 791–92. The court accordingly invalidated the forfeiture provision in its entirety.

## B

In May 1993, the Central Appraisal District of Rockwall County notified Len and Annette Lall that the 1993 appraised value of their real property was $1,513,200. Contending that this valuation was excessive,[2] the Lalls challenged the appraisal before the Rockwall County Appraisal Review Board, which denied the protest. The Lalls then petitioned for judicial review in district court in August 1993.

After the Lalls failed to pay any portion of their assessed taxes before the February 1, 1994, delinquency date, the Appraisal District moved to dismiss the suit under section 42.08. The trial court granted the motion to dismiss, rejecting the Lalls' constitutional attack against the forfeiture provision. The court of appeals reversed, —— S.W.2d ——, expressly following its earlier holding in *Grant. Id.* at ——.

## II

■ Chapter 42 of the Texas Tax Code provides for de novo judicial review of determinations by appraisal review boards. *See* TEX. TAX CODE § 42.01, et seq. Section 42.08, however, provides for forfeiture of the taxpayer's right to judicial review as follows:

(a) The pendency of an appeal as provided by this chapter does not affect the delinquency date for the taxes on the property subject to the appeal. However, that delinquency date applies only to the amount of taxes required to be paid under Subsection (b). . . .

(b) Except as provided in Subsection (d), a property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is:

(1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute or the amount of taxes imposed on the property in the preceding year, whichever is greater; or

(2) the amount of taxes due on the property under the order from which the appeal is taken.

\* \* \* \* \* \*

(d) After filing an oath of inability to pay the taxes at issue, a party may be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts. On the motion of a party, the court shall hold a hearing to review and determine compliance with this section, and the reviewing court may set such terms and conditions on any grant of relief as may be reasonably required by the circumstances. If the court determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action. If the court determines that the property owner has substantially but not fully complied with this section, the court shall dismiss the pending action unless the property owner fully complies with the court's determination within 30 days of the determination.

TEX. TAX CODE § 42.08. The respondent taxpayers contend that this statute, by conditioning the right to judicial review on pay-

---

2. The Lalls contend that the fair market value of the property is $600,000.

ment of a portion of the assessed taxes, violates the open courts provision of the Texas Constitution. That provision provides as follows:

> All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

TEX. CONST. art. I, § 13. This provision includes at least three separate constitutional guarantees: 1) courts must actually be open and operating; 2) the Legislature cannot impede access to the courts through unreasonable financial barriers; and 3) the Legislature may not abrogate well-established common law causes of action unless the reason for its action outweighs the litigants' constitutional right of redress. *See Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 448 (Tex.1993). It is the second of these guarantees that is at issue here. We must determine whether the forfeiture provision of section 42.08 constitutes an unreasonable financial barrier to court access.

### A

■ We first address the Appraisal Districts' threshold argument that the open courts provision does not apply to section 42.08 because that section restricts only a statutory cause of action created by the Legislature, not a well-recognized common law cause of action. We reject this argument for two reasons. First, prior to enactment of the Property Tax Code, taxpayers did have a common law right to challenge ad valorem tax assessments, without prepaying the disputed amount. *See State v. Hoffman,* 109 Tex. 133, 201 S.W. 653, 654 (1918). Second, even if the taxpayers' judicial remedy were purely statutory, the open courts guarantee would nonetheless prohibit the Legislature from imposing an unreasonable financial barrier to that remedy. While the open courts provision does not restrict the Legislature's freedom to substantively modify or abrogate a purely statutory cause of action, the Legislature may not unreasonably impede a party's access to court to assert a cause of action it has created. We reasoned as follows in *Texas Association of Business:*

The issue before us is access to the courts. In previous cases involving this issue, we did not predicate our decision on whether the party whose access had been restricted was attempting to assert a common law cause of action. In *LeCroy,* for example, the court did not permit increased filing fees for statutory causes of action while denying them for common law claims. 713 S.W.2d 335. Likewise in *Dillingham v. Putnam,* when the court struck down a statute requiring a supersedeas bond as a condition of appeal, the court did not concern itself with whether the particular appeal being restricted involved a common law or statutory claim. 109 Tex. 1, 14 S.W. 303 (1890). Similarly, in the present case, the issue is simply whether the prepayment requirement is an unreasonable financial barrier to access to the courts in light of the state interest involved.

852 S.W.2d at 449. Thus, when considering the second open courts guarantee—whether the Legislature has unreasonably impeded *access* to the courts—it does not matter whether the claim which is being impeded arises through statute or common law. The Appraisal District's reliance on the rationale of *Lawler v. Tarrant Appraisal Dist.,* 855 S.W.2d 269 (Tex.App.—Fort Worth 1993, no writ), and *Filmstrips and Slides, Inc. v. Dallas Central Appraisal Dist.,* 806 S.W.2d 289 (Tex.App.—Dallas 1991, no writ), is therefore misplaced, as the courts of appeals in those cases considered only whether section 42.08 violated the third prong of the open courts provision.

### B

■ In deciding whether the forfeiture provision of section 42.08 violates the open courts provision, we must determine whether it is an unreasonable barrier to access to the courts in light of the state interest involved. *See Texas Ass'n of Business,* 852 S.W.2d at 449. Because section 42.08 clearly imposes a financial requirement on access to the courts, the Appraisal Districts bear the burden of demonstrating "that the legislative purpose outweighs the interference with the individual's right of access." *R Communications, Inc. v. Sharp,* 875 S.W.2d 314, 315 (Tex.1994)

(quoting *LeCroy v. Hanlon,* 713 S.W.2d 335, 341 (Tex.1986)).

The Appraisal Districts advance two rationales in support of section 42.08. First, they claim that it discourages taxpayers from using the right of judicial review "as a subterfuge for delaying or avoiding the payment of at least some tax." *Missouri Pac. R.R. Co. v. Dallas County Appraisal Dist.,* 732 S.W.2d 717, 721 (Tex.App.—Dallas 1987, no writ). Second, the Appraisal Districts argue that section 42.08 "assure[s] that the activities of the local governments which rel[y] on ad valorem taxes [will] not be unduly impeded by granting the property owners the right of judicial review." *Id.* Requiring taxpayers to pay a portion of the tax before the delinquency date, coupled with the threat of forfeiture if payment is not made, according to the Appraisal Districts, assures local governments a steady stream of income to fund essential governmental services. *See Valero Transmission Co. v. San Marcos Consol. Indep. Sch. Dist.,* 770 S.W.2d 648, 652 (Tex. App.—Austin 1989, writ denied).

Section 42.08(b)(1) requires a taxpayer to pay, as a condition for judicial review, the greater of 1) the amount due on the taxable value of the property that is not in dispute, or 2) the amount of taxes imposed on the property in the preceding tax year.[3] In analyzing the constitutionality of this section, we must separately examine each of these prongs.

■ The first prong does not violate the open courts guarantee. In light of the important interest that local governments have in a steady revenue stream, it is reasonable to require a solvent taxpayer to pay the taxes which are admittedly due before challenging the disputed portion. This statutory requirement simply carries forward the common law rule that a person judicially challenging a property tax must tender at least the amount conceded to be owed in order to maintain the action. *See State v. Hoffman,* 109 Tex. 133, 201 S.W. 653, 654 (1918); *Zglinski v. Hackett,* 552 S.W.2d 933, 936 (Tex.Civ.App.—Aus-

tin 1977, writ ref'd n.r.e.). Thus, where a taxpayer challenged an increase in valuation, the taxpayer had to pay the amount due under the previous valuation. *See Harding Bros. Oil & Gas Co. v. Jim Ned Indep. Sch. Dist.,* 457 S.W.2d 102, 104 (Tex.Civ.App.— Eastland 1970, no writ); *McGinnis v. Northwest Indep. Sch. Dist.,* 294 S.W.2d 154, 158 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n.r.e.).

The second prong, however, requires the taxpayer to pay the previous year's assessment, which may be some or all of the amount in dispute, as a condition for judicial review. Recently, we have on several occasions struck down statutes that required prepayment as a condition for judicial review. *See R. Communications, Inc. v. Sharp,* 875 S.W.2d 314 (Tex.1994); *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440 (Tex.1993); *State v. Flag–Redfern Oil Co.,* 852 S.W.2d 480 (Tex.1993). Unless this requirement is supported by some stronger state interest, it likewise cannot stand.

In *Texas Association of Business,* we considered a statutory provision requiring persons who had been assessed administrative monetary penalties for environmental violations to pay the penalty as a condition for obtaining judicial review. While recognizing that the prepayment requirement aided in the collection of the penalties, we concluded that the state could have adequately met this goal simply by allowing collection to proceed during the period of judicial review, absent a supersedeas bond. 852 S.W.2d at 449. Because conditioning judicial review on prepayment served no additional state interest, the prepayment provision violated the open courts guarantee. *Id.* at 450.

In *Flag–Redfern,* we considered a statutory provision requiring the State's mineral lessees to remit any disputed royalties to the State prior to seeking judicial review of the State's royalty audit. Because the State's only interest in this prepayment requirement was "its financial interest in immediate access to disputed royalty payments," the pre-

---

3. Section 42.08(b)(2) alternatively requires the taxpayer to pay "the amount of taxes due on the property under the order from which the appeal is taken." Under the disjunctive wording of the statute, however, the taxpayer must pay this full amount only if it is less than the amount due under section 42.08(b)(1).

payment requirement constituted an unreasonable impediment to access to the courts. 852 S.W.2d at 485.

In *R Communications*, we considered statutory provisions requiring a business to pay any disputed sales tax liability as a precondition for judicial review, while prohibiting the business from pursuing declaratory relief regarding its sales tax liability. Concluding that these provisions combined to restrict unreasonably access to the courts, we invalidated the provision prohibiting declaratory relief. We noted that "the State has not ... shown that the complete prohibition of prepayment declaratory relief ... reasonably serves any governmental purpose, let alone one that would override R Communications' right to open courts." 875 S.W.2d at 317.

The foregoing precedents control the present case. Just as in *Texas Association of Business*, the Legislature could have achieved its goal of assuring prompt payment by providing that ad valorem taxes are due and collectible on the delinquency date, without conditioning the right of judicial review on timely payment. Under such a system, a taxpayer's judicial challenge to an assessment could go forward regardless of payment, but would not stay the collection of the taxes or the accrual of penalties, unless the taxpayer either prepaid the assessment or posted an adequate bond. Through penalties, collection efforts and the mere threat of involuntary collection, the Legislature could have assured a steady stream of income for local governments and deterred taxpayers from using judicial review as a mere delaying tactic. Already, the Tax Code provides for a penalty up to twelve percent on delinquent taxes, *see* TEX. TAX CODE § 33.01, allows appraisal districts to impose an additional penalty of up to fifteen percent to defray collection costs, *see id.* § 33.07, creates a lien on property which may be foreclosed, *id.* §§ 32.01, 33.41, and authorizes tax warrants for the seizure of personal property. *Id.* § 33.22.

The Appraisal Districts argue, however, that they are statutorily precluded from pursuing collection efforts while a suit for judicial review is pending. We need not decide whether this is correct, because the key point under our open court analysis is that the Legislature has the authority to provide for collection to proceed during the period of judicial review.[4] The reasonable-

---

**4.** Prior to 1989, section 42.08(b) required prepayment in substantially the same form as the current statute, while section 42.08(a) provided that "[t]he pendency of an appeal as provided by this chapter does not affect the date taxes become delinquent." TEX. TAX CODE § 42.08 (Vernon 1989), *amended by* Acts, 1989, 71st Leg., ch. 796, § 43. Thus, all assessed taxes, even those in excess of the amount required to be prepaid, became delinquent on the normal date and, under a literal reading of the statute, could be collected despite the pendency of a suit for judicial review. In *Valero Transmission Co. v. San Marcos Consol. Indep. Sch. Dist.*, 770 S.W.2d 648 (Tex.App.—Austin 1989, writ denied), however, the court of appeals rejected this approach. Although noting that the Tax Code contains no provision expressly precluding a collection action while a suit for judicial review is pending, *id.* at 651, the court held that such a prohibition was implicit from the statutory scheme, which ensures taxing units a steady income stream through the prepayment requirement. *Id.* at 652. "Because the Legislature thus secured to taxing units, for all practical purposes, their requirement for an uninterrupted revenue, it is unreasonable to suppose that the Legislature intended that a taxing unit's Chapter 33 suit should go forward to judgment before the district court adjudicates the property owner's Chapter 42 'appeal.'" *Id.*

In 1989, section 42.08(a) was amended to provide that the normal delinquency date applies only to those taxes that must be prepaid under 42.08(b), and that the delinquency date for any additional taxes is stayed pending judicial review. *See* Acts 1989, 71st Leg., ch. 796, § 43. This amendment, for all practical purposes, rendered the holding of *Valero* moot. A taxing authority would have no occasion to pursue collection of the amount due under section 42.08(b) while the suit for judicial review is pending, because if that amount has not been timely paid the suit must be dismissed. Of course, our holding today that the second prong of section 42.08(b)(1) is invalid may revive this issue. Suppose, for example, that a taxpayer who paid $3000 in ad valorem taxes in the preceding year is assessed a similar amount for the current year. Contending that the value of the property has declined, the taxpayer concedes that only $2000 is owed, pays that amount, and files suit for judicial review of the balance. Under these circumstances, the question may arise whether, under the current statutory structure, the taxing authority may pursue collection of the $1000 balance while the suit for judicial review is pending. As indicated, we need not answer this question in connection with our present open courts analysis, and we express no opinion thereon.

ness of section 42.08 must be measured against the alternatives *available* to the Legislature, not merely those currently authorized under the Tax Code. *Cf. R. Communications,* 875 S.W.2d at 317 (reasonableness of financial barrier must be measured against availability of less restrictive means to further governmental interests). Moreover, the Legislature could provide for stiffer penalties if those currently available under section 33.01 are inadequate to assure prompt payment.

▮ The Appraisal Districts contend that local governments will no longer be able to provide essential services if we invalidate the second prong of section 42.08(b)(1). In *R Communications,* we found a similar argument by the State to be "hardly realistic" given that the statute at issue, which barred taxpayers from seeking declaratory relief, had not been enacted until 1989. 875 S.W.2d at 316. Similarly, the requirement here that taxpayers prepay at least the amount imposed on the property in the previous year was not imposed until 1982 as part of the Property Tax Code. *See* Acts 1979, 66th Leg., ch. 841, § 1, eff. Jan. 1, 1982. Prior to then, taxpayers challenging an ad valorem assessment merely had to pay the amount conceded to be owed, *see, e.g., Zglinski v. Hackett,* 552 S.W.2d 933, 936 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.), the requirement now codified as the first prong of section 42.08(b)(1). Under these circumstances, the Appraisal District's warnings of financial collapse are insufficiently convincing to justify this restriction on court access.

The Appraisal Districts seek to distinguish *Texas Association of Business, Flag–Redfern,* and *R Communications,* noting that the statutes at issue in those cases required the challenger to pay the *entire disputed amount* to gain court access. Under the second prong of section 42.08(b)(1), on the other hand, the taxpayer must pay only the tax imposed against the property in the previous year. This distinction is not sufficient to save this prepayment requirement. The tax imposed in the previous year, even if conceded by the taxpayer to be correct for that year, does not necessarily correspond to the amount that is indisputably owed in the current year. In cases of contested exemptions, for example, the taxes imposed in the preceding year may equal the entire disputed amount. Because of the alternatives available to the Legislature to ensure prompt payment of ad valorem taxes, requiring taxpayers to pay any portion of the disputed amount as a condition for judicial review of the assessment violates the guarantee of open courts.

▮ Finally, the Appraisal Districts argue that section 42.08 does not impose an unreasonable financial barrier because it creates an exception for indigent taxpayers. They further note that the taxpayers in these consolidated cases do not contend that they were financially unable to make the payment required under the second prong of section 42.08(b)(1). Because that provision imposes an unreasonable financial barrier to court access, however, it violates the open courts provision regardless of a taxpayer's ability to pay and regardless of any indigency exception. *See Texas Ass'n of Business,* 852 S.W.2d at 450 n. 18 ("That the affected parties may be able to afford prepayment is irrelevant. The guarantee of constitutional rights should not depend on the balance in one's bank account."); *LeCroy v. Hanlon,* 713 S.W.2d 335 (Tex.1986) (invalidating increase in court filing fee notwithstanding inability-to-pay exception).

Because we hold that the forfeiture provision is invalid only as applied to the second prong of section 42.08(b)(1), the taxpayers were required to pay the amount due on the taxable value of the property that was not in dispute. The Central Appraisal District of Rockwall County argues that the Lalls failed to comply with this prong, contending that they paid no tax before the delinquency date even though conceding in their pleadings that the property was worth at least $600,000. The record reflects that Grant paid some tax, but it is unclear whether the payment equalled the undisputed amount. We therefore remand these causes to the trial courts to determine the taxpayers' compliance with the requirements of section 42.08, as modified by this opinion. Although the relevant delinquency date for both taxpayers has passed, we note that the trial courts have the discre-

tion, in determining compliance with section 42.08, to "set such terms and conditions on any grant of relief as may be reasonably required by the circumstances." TEX. TAX CODE § 42.08(d). The trial courts should determine in the first instance, if presented with a proper motion of a party, whether any special terms and conditions should be imposed under the circumstances of these cases.

For the foregoing reasons, we hold that the second prong of section 42.08(b)(1), which provides that taxpayers forfeit the right to judicial review if they do not timely pay the taxes imposed against the property in the previous year, facially violates the open courts provision of the Texas Constitution. We modify the judgments of the court of appeals and remand these causes to the trial courts for further proceedings consistent with this opinion.

BAKER, J., did not participate in the decision.