JEFFERSON COUNTY, Texas, Hampshire Fannett Independent School District, Beaumont Independent School District, Nederland Independent School District, City of Port Arthur, Port of Beaumont, Port of Port Arthur, Port of Sabine Pass, Drainage District No.3, Drainage District No. 6, Drainage District No. 7, Jefferson County Navigation District, Jefferson County Water District No. 10, Jefferson County Fire District No. 1, Jefferson County Emergency Services District No.1, Appellants.

v.

CLARK REFINING & MARKETING, INC., Appellee.

No. 09–98–235 CV.

Court of Appeals of Texas, Beaumont.

Submitted Nov. 4, 1999.

Decided Dec. 30, 1999.

Tom Maness, Dist. Atty., Thomas F. Rugg, Chief Civil Div., Beaumont, for appellant.

Edward Kliewer, III, Ron Patterson, Kliewer, Breen, Garatoni, Patterson & Malone, Inc., San Antonio, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

Jefferson County, Texas, Hampshire Fannett Independent School District, Beaumont Independent School District, Nederland Independent School District, Port Arthur Independent School District, Sabine Pass Independent School District, City of Beaumont, City of Nederland, City of Port Arthur, Port of Beaumont, Port of Port Arthur, Port of Sabine Pass, Drainage District No. 3, Drainage District No. 6, Drainage District No. 7, Jefferson County Navigation District, Jefferson County Water District No. 10, Jefferson County Fire District No. 1, and Jefferson County Emergency Services District No. 1 (the "Taxing Units")[1] sued Clark Refining & Marketing, Inc. ("Clark") for non-payment of $5,296,204.23 delinquent taxes for the tax year 1996, plus penalty and interest in the amount of $370,734.35 as of the date suit was filed. Clark had a pending appeal under a separate cause number. Clark paid all taxes, penalties, and interest in the amount billed by the Jefferson County Tax–Assessor Collector, then counterclaimed for a refund of excess penalties and interest. The case was submitted to the trial court on an agreed statement of facts.[2] The trial court entered judgment for Clark and ordered a refund of penalties and interest in the amount of $137,008.37, plus interest. Appellants raise two issues:

> Is a partial tender of assessed taxes prior to the delinquency date sufficient

---

1. Of these parties, Port Arthur Independent School District, Sabine Pass Independent School District, City of Beaumont, and City of Nederland, did not file notice of appeal.

2. *See* Tex.R. Civ. P. 263.

to preclude the imposition of penalty and interest on the unpaid balance and to avoid any effort by a taxing entity to collect the balance due pending the resolution of a property valuation suit?

May legislative action subsequent to the delinquency date be properly interpreted to preclude the imposition of penalty and interest on the unpaid portion?

The pendency of an appeal under Chapter 42 of the Texas Tax Code does not affect the delinquency date for the taxes on the property subject to the appeal. TEX. TAX CODE ANN. § 42.08(a) (Vernon Supp.2000). That delinquency date applies only to the amount of taxes required to be paid under Section 42.08(b). *Id.* If the property owner complies with Section 42.08(b), the delinquency date for any additional amount of taxes due on the property is determined by Section 42.42(c), and that additional amount is not delinquent before that date. *Id.*

Prior to 1997, Section 42.08(b)(1) required a taxpayer to pay, as a condition for judicial review, the greater of 1) the amount due on the taxable value of the property that is not in dispute, or 2) the amount of taxes imposed on the property in the preceding tax year. Acts 1989, 71st Leg., R.S., ch. 796, § 43, 1989 Tex. Gen. Laws 3591, 3604. The Supreme Court held Section 42.08(b)(1) to be facially unconstitutional in part. *Central Appraisal Dist. of Rockwall County v. Lall,* 924 S.W.2d 686, 693 (Tex.1996). The Supreme Court held it is reasonable to require a solvent taxpayer to pay the taxes which are admittedly due before challenging the disputed portion but struck down that part of the statute which required the taxpayer to pay the previous year's assessment as a condition for judicial review. *Id.* at 690, 693.

In 1997, House Bill 2201 deleted the unconstitutional portion of Section 42.08(b), and made the following changes to Section 42.42 of the Texas Tax Code:

(b) If the final determination of an appeal that increases a property owner's tax liability occurs after the property owner has paid his taxes, the assessor for each affected taxing unit shall prepare and mail a supplemental tax bill in the manner provided by Chapter 31 [of this code] for tax bills generally. The assessor shall include with the bill a brief explanation of the reason for and effect of the supplemental bill. The additional tax is due on receipt of the supplemental bill and becomes delinquent if not paid before the delinquency date prescribed by Chapter 31 [of this code] or before the first day of the next month after the date of mailing that will provide at least 21 days for payment of the tax, whichever is later.

(c) If the final determination of an appeal occurs after the property owner has paid a portion of the tax finally determined to be due as required by Section 42.08 [of this code], the assessor for each affected taxing unit shall prepare and mail a supplemental tax bill in the form and manner prescribed by Subsection (b) [of this section]. The additional tax is due and becomes delinquent as provided by Subsection (b), but the property owner is liable for *penalties and* interest on the tax included in the supplemental bill *calculated as provided by Section 33.01 as if the tax included in the supplemental bill became delinquent on the original delinquency date prescribed by Chapter 31* [at the rate prescribed by this code for delinquent taxes].

(d) *If the property owner did not pay any portion of the taxes imposed on the property because the court found that payment would constitute an unreasonable restraint on the owner's right of access to the courts as provided by Section 42.08(d), after the final determination of the appeal the assessor for each affected taxing unit shall prepare and mail a supplemental tax bill in the form and manner prescribed by Subsection (b). The additional tax is due and becomes delinquent as provided by Sub-*

*section (b), but the property owner is liable for interest on the tax included in the supplemental bill calculated as provided by Section 33.01 as if the tax included in the supplemental bill became delinquent on the delinquency date prescribed by Chapter 31.*

Acts 1997, 75th Leg., R.S., ch. 203, § 3, 1997 Tex. Gen. Laws 1070, 1071. House Bill 2201 included the following application provisions:

(a) The changes in law made by Sections 1 and 2 of this Act apply only to an appeal filed under Chapter 42, Tax Code, as amended by this Act, on or after the effective date of this Act. An appeal filed under Chapter 42, Tax Code, as amended by this Act, before the effective date of this Act is governed by the law in effect when the appeal was filed, and that law is continued in effect for that purpose.

(b) Except as provided by Subsection (c) of this section, the change in law made by this Act to Section 42.42(c), Tax Code, applies only to the accrual of penalties and interest on taxes on property subject to an appeal that are paid on or after the effective date of this Act or for which the supplemental tax bill is mailed under Section 42.42(c), Tax Code, on or after the effective date of this Act. For taxes on property subject to an appeal for which the original delinquency date prescribed by Chapter 31, Tax Code, occurred before the effective date of this Act and that are paid on or after the effective date of this Act for which the supplemental tax bill is sent under Section 42.42(c), Tax Code, on or after the effective date of this Act, penalties imposed as provided by Section 42.42(c), Tax Code, as amended by this Act, on the additional tax paid on or after the effective date of this Act or included in the supplemental tax bill sent on or after that date are calculated as provided by Section 33.01, Tax Code, as if the delinquency date for those taxes is the first day of the first calendar month that begins on or after the 21st day after the effective date of this Act.

(c) The accrual of penalties and interest on taxes for which a supplemental tax bill is sent as provided by Section 42.42(c), Tax Code, before the effective date of this Act is governed by Section 42.42(c), Tax Code, as that section existed when the supplemental tax bill was mailed, and that law is continued in effect for that purpose.

(d) Section 42.42(d), Tax Code, as added by this Act, applies only to the accrual of interest on unpaid taxes covered by that subsection on or after the effective date of this Act. The accrual of penalties and interest on those taxes before the effective date of this Act is governed by the applicable law in effect before the effective date of this Act.

Acts 1997, 75th Leg., R.S., ch. 203, § 4, 1997 Tex. Gen. Laws 1070, 1071–72.

Events occurred in the following order:

| | |
|---|---|
| — | Clark files Chapter 42 valuation suit |
| Fall 1996 | Clark receives tax statements for 1996 property taxes |
| Before 2-1-97 | Clark pays $4,086,809.35 (tax on "undisputed value") |
| February 1, 1997 | Delinquency date |
| February 18, 1997 | Tax collection suit filed |
| May 21, 1997 | Effective date of HB 2201 |
| June 30, 1997 | Clark pays $2,500,000 |
| July 1, 1997 | HB 2021, § 4(b) delinquency date |
| July 16, 1997 | Valuation suit settled, tax set at $7,713,854.76 |
| August 20, 1997 | Supplemental tax bill |
| September 30, 1997 | Clark pays $1,569,381.04 |
| October 1, 1997 | Supplemental tax bill delinquency date |

■ The appellants contend Clark ultimately owed more than the amount of tax it paid before February 1, 1997, therefore, Clark owed penalty and interest on the $2,500,000 payment, which should be allocated $2,173,912.77 to tax, $217,391.28 to penalty, and $108,695.95 to interest. Clark contends the entire $2,500,000 payment is applied to tax because HB 2201 set July 1 as the delinquency date for taxes and provided for interest only after the valuation suit determines the taxes on which interest is due. Clark concedes it owed penalty and interest on the tax paid in September.

The appellants argue the changes to Section 42.08 affected only the forfeiture provisions of the Tax Code, not the penalty and interest provisions of the Tax Code. *See* TEX. TAX CODE ANN. § 33.01 (Vernon Supp.2000). When interpreting statutes, we must give effect to the intent of the legislature by looking to the plain and common meaning of the statute's words; if the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words and terms. *Fitzgerald v. Advanced Spine Fixation Systems, Inc.*, 996 S.W.2d 864, 865 (Tex.1999). Rules of construction or other extrinsic aids cannot be used to create ambiguity when the purpose of a legislative enactment is obvious from the language of the law itself. *Id.* at 866. This particular legislation did more than amend the code provision for forfeiture of remedies for nonpayment of taxes; HB 2201 also amended Tax Code Sections 42.29 and 42.42. Indeed, under Section 42.42(c), as amended, the tax is due when the post-appeal supplemental tax bill is mailed and becomes delinquent on the first day of the next month that will provide at least 21 days for payment, but the property owner owes penalty and interest as if the tax had become delinquent on the original delinquency date prescribed by Chapter 31. The Act which added this language to Section 42.42 made express provision for cases in the precise procedural posture of this case: the original delinquency date occurred before the effective date of HB 2201, the taxes were paid after the effective date of HB 2201, a supplemental tax bill was sent under Section 42.42(c) after the effective date of HB 2201; therefore, the penalties imposed as provided by Section 42.42(c), Tax Code, on the additional tax paid after the effective date of HB 2201 are calculated as provided by Section 33.01, as if the delinquency date for those taxes was July 1, 1997, the first day of the first calendar month that began after the 21st day after the effective date of HB 2201. The appellants argue that the Legislature did not need to change the date upon which penalties would be assessed for 1996 property taxes in order to satisfy the Supreme Court's ruling in *Lall,* but regardless of the circumstances that prompted the Legislature to amend the Tax Code, there can be no doubt that the Legislature changed the delinquency date applicable to this case for the purpose of calculating penalty and interest on the taxes ultimately held to be due for the 1996 tax year.

The appellants argue the Legislature does not have the power to change the February 1 delinquency date through a legislative enactment occurring after that date, because the Legislature is constitutionally prohibited from releasing or extinguishing indebtedness to the State or its political subdivisions. Tex. Const. art. III, § 55. The Supreme Court has held Section 55 of article III does not apply to interest and penalties on delinquent taxes, in a Depression era case that upheld a statute that released all accrued interest and penalties on all taxes of non-municipal political subdivisions of the State paid before a certain date. *Jones v. Williams*, 121 Tex. 94, 45 S.W.2d 130 (1931).[3] The remission statute was held to apply unless, prior to the effective date of the statute, taxes had already been collected or reduced to final judgment. Id. at 139. At oral argument the appellants urge Jones v. Williams was wrongly decided, but we are not at liberty to overrule long-standing precedent of our high court. By changing the delinquency date for pending valuation cases not yet reduced to judgment, the Legislature did no more than to remit a penalty, not release an indebtedness or

**3.** Under current law, interest compensates the taxing unit for revenue lost because of the delinquency. TEX. TAX CODE ANN. § 33.01(c) (Vernon Supp.2000). The judgment reflects a calculation of interest on the September payment at one percent per month for the eight months that the tax was unpaid. The judgment also reflects Clark owed an eight percent penalty on the tax unpaid on July 1, 1997.

liability owed to a political subdivision of the State. We decline to hold HB 2201 to be an unconstitutional release of indebtedness under article III, § 55.

The trial court drafted its judgment to comply with the express terms of the applicable statutes. The appellants' issues are overruled. We affirm the judgment of the trial court.

AFFIRMED.