**HOUSTON LAND & CATTLE CO., L.C., Appellant,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Board, Appellees.**

No. 01–02–00444–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 27, 2003.

Rehearing Overruled May 16, 2003.

Publication Ordered May 16, 2003

Timothy Hootman, Houston, for appellant.

Tammy Youlanda White–Chaffer, Houston, for appellees.

Panel consists of Justices HEDGES, JENNINGS, and ALCALA.

## OPINION

ELSA ALCALA, Justice.

This is a property tax case. Appellant, Houston Land & Cattle Co., L.C. (HL & C), appeals a take-nothing judgment rendered in favor of appellees, Harris County Appraisal District (the district) and Harris County Appraisal Review Board (the review board) on HL & C's suit for judicial review of a board decision rejecting HL & C's challenge to a property-tax valuation.[1] Trial was to the court, which filed original and supplemental findings of fact and conclusions of law. HL & C's sole issue on appeal challenges the validity of past increases in the appraised value of property HL & C once owned and has since sold. We affirm.

## Background

The property at issue is located at 8702 Millet and consists of lots one, two, three, four, and five of Block Four in the replat of the Shermandale Addition in Harris County. HL & C purchased the property from Gerry Safford for $8,000 on August 27, 1999, with knowledge that property taxes on the property were delinquent. It is undisputed that the appraised values of the property had increased after 1981. After purchasing the property in 1999, HL & C notified the district that tax statements had not been sent to the correct owners in the years before HL & C purchased the property from Safford.

On April 27, 2000, the district issued two notices of appraised value for year 2000 property taxes to HL & C. One notice reported an appraisal value of $7,000 for a portion of the property; another notice reported an appraisal value of $27,070 for the remainder of the property. HL & C timely filed formal protests to both notices to assert the following challenges: (1) valuation over market value; (2) valuation unequal compared to other properties; and (3) failure to send required notice of appraised value for the years 1980 through 1999.

The district replied to HL & C in a letter dated May 22, 2000. This letter addressed the protest based on lack of notice for the years 1980 through 1999 by (1) listing the pertinent deadlines for filing protests of valuation in each of the years from 1980 through 1999 and (2) rejecting the protest because it was filed after each of those deadlines had passed. In August 2000, the board notified HL & C that the year 2000 valuation of the property had

---

1. *See* TEX. TAX CODE ANN. § 42.01(1)(A) (Vernon 2002) ("A property owner is entitled to appeal ... an order of the appraisal review board determining a protest by the property owner...."); TEX. TAX CODE ANN. § 41.41(a)(1) (Vernon 2002) ("A property owner is entitled to protest before the appraisal review board ... determination of the appraised value of the owner's property....").

been reduced as follows: the portion initially valued at $7,000 had been reduced to $6,250, and the portion initially valued at $27,070 had been reduced to $15,000.

HL & C sold lots four and five in either 1999 or 2000 for an undisclosed amount and sold lots one, two, and three for $21,000 in November 2000, while this lawsuit was pending.

HL & C sought judicial review of the board's determination in this cause to challenge its liability for delinquent property taxes and penalties for the years 1979 to the present. HL & C maintained the taxes and penalties due for those years were unenforceable, and the increase in appraised value of the property during those years was void, because HL & C had neither notice of the increase in appraisal values, nor notice of delinquent taxes, penalties, and interest. At trial, HL & C abandoned its challenge to valuation of the property for the year 2000.

### Validity of Appraised Value for Years before HL & C's Ownership

■ HL & C's single appellate issue questions the validity of the appraised value as to HL & C. HL & C contends the appraised values of the property were void due to lack of notice to prior owners of the property and were therefore void and unenforceable against HL & C. This issue challenges the trial court's sole conclusion of law, which states, "The increases in appraised value regarding the property in question are valid and enforceable." We review a trial court's conclusions of law after a bench trial de novo to determine their correctness from the facts found. *Butler v. Arrow Mirror & Glass, Inc.,* 51 S.W.3d 787, 792 (Tex.App.-Houston [1st Dist.] 2001, no pet.)

All taxable property is appraised annually at its market value as of January 1 of each tax year. TEX. TAX CODE ANN. § 23.01(a) (Vernon 2001). If the appraised value of the property is greater than in the preceding year, the appraisal district must provide the owner of the property written notice of the increase by May 15 of that year or as soon thereafter as practicable. TEX. TAX CODE ANN. § 25.19(a)(1) (Vernon 2001). Property owners have the right to protest the change in appraised value and must file their protests no later than June 1 or 30 days after the notice of appraisal is delivered to the owner, whichever is later. TEX. TAX CODE ANN. §§ 41.41(a)(1), 41.44(a)(1) (Vernon 2001).

■ Although HL & C did not own the property in the years for which it challenges the property's appraised value, HL & C contends it may assert that former owners never received the notice now required by section 25.19(a)(1) of the Tax Code and, on that basis, claims the increases were (1) void as to the prior owners and (2) therefore unenforceable against HL & C as successor to those owners.

The Tax Code provides the exclusive remedy for adjudication of property tax protests. *See* TEX. TAX CODE ANN. § 42.09 (Vernon 2001). As addressed above, chapter 25 of the Tax Code requires appraisal districts to timely notify "the property owner" of any increase in appraisal valuation and also authorizes a timely protest by "the property owner." TEX. TAX CODE ANN. §§ 25.19(a)(1), 41.41(a)(1); *see also* TEX. TAX CODE ANN. § 41.44 (Vernon 2001) (governing procedure for notice of protest by "the property owner").

■ Failure of the appraisal district to deliver notice timely to "the property owner" will nullify any change in appraisal valuation, but only "to the extent the change is applicable to *that property owner.*" TEX. TAX CODE ANN. § 41.11(c) (Vernon 2001) (emphasis added); *see also* TEX. TAX CODE ANN. § 41.411(a) (Vernon 2001)

(authorizing "property owner" to protest to the appraisal review board the failure of the chief appraiser or the board to provide any notice to which "the property owner" is entitled).[2] Moreover, a protesting "property owner" who does not comply with the payment requirements of section 42.08 of the Tax Code will "forfeit his right to a final determination of his protest." TEX. TAX CODE ANN. § 41.411(c) (Vernon 2001); *see* TEX. TAX CODE ANN. § 42.08(a)-(b) (Vernon 2001) (governing forfeiture of remedy of judicial review for nonpayment of taxes); *Harris County Appraisal Dist. v. Dipaola Realty*, 841 S.W.2d 487, 490 (Tex.App.-Houston [1st Dist.] 1992, writ denied) (construing section 42.08 and holding that failure to pay undisputed tax liability required dismissal of suit for judicial review).[3]

■ By restricting the nullification of the change in appraisal valuation in a particular year to changes that apply only to the owner in that year, section 41.11(c)

cuts off the rights of subsequent owners like HL & C to rely on claims of lack of notice to prior owners. It is undisputed that the prior owners did not timely assert their lack-of-notice protests to the appraisal valuations in the years from 1980 to 1999. Because it is likewise undisputed that property taxes were delinquent and that the undisputed tax liability on the property was therefore not paid, section 41.411(c) extinguished any rights the prior owners may have had to protest the appraisal valuation. Having thus forfeited any rights they may have had, the prior owners had no rights that HL & C could assert, as successor owner, in challenging the increases in appraised value of the property.

We hold that the trial court properly entered its sole conclusion of law upholding the validity and enforceability of the increases in appraisal value of the property as to HL & C. We overrule HL & C's sole issue.

**2.** Chapter 42 of the Tax Code, which governs judicial review of protest resolutions continues chapter 25's restriction to "the property owner." Chapter 42 authorizes an appeal to the district court for the county by petition for de novo review to challenge a county appraisal review board's resolution of a protest. *See e.g.*, TEX. TAX CODE ANN. §§ 42.01(1)(a), 42.21, 42.22, 42.23(a) (Vernon 2001) (governing right of appeal, notice of appeal petition for review, venue, and de novo scope of review). Like chapter 25, however, chapter 42 restricts non-appraisal district and taxing unit challenges to the property owner. *See* TEX. TAX CODE ANN. § 42.01 ("Right of Appeal by Property Owner"). Although section 42.06 authorizes a notice of appeal by "a party other than the property owner," other provisions of chapter 42 demonstrate that the parties contemplated are the chief appraiser of the county, the county itself, the taxing unit, an intervening state of political subdivision, and the state comptroller as an opposing party. *See* TEX. TAX CODE ANN. §§ 42.02–42.05 (Vernon 2001). The sole "owner-like" party recognized in chapter 42 is a person who leases the

property under a contractual obligation to reimburse the property owner for the taxes and is therefore considered "the owner of the property" and also authorized to protest before the appraisal review board. *See* TEX. TAX CODE ANN. § 41.413(a)-(c) (Vernon 2001).

**3.** HL & C asserts a conclusory attack on the constitutionality of the payment requirement by relying on *Central Appraisal District v. Lall*, 924 S.W.2d 686 (Tex.1996). *Lall*, however, construed a prior version of section 42.08(b)(1)-(2), which the legislature has since amended to remove the provision the *Lall* court found unconstitutional. *See* Act of May 21, 1997, 75th Leg., R.S., ch 203 § 1, 1997 Tex. Gen. Laws 1070, 1070. Former section 42.08(b)(1)-(2) required payment of the previous year's taxes, which might possibly be disputed, as a condition to a suit for judicial review. *Lall*, 924 S.W.2d at 692. *Lall* upheld the requirement we refer to here, that *undisputed* tax liability be paid at the risk of forfeiture of right to suit for judicial review. *Id.* at 690.

## Conclusion

We affirm the judgment of the trial court.