# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00486-CV

**Richmont Aviation, Inc., Appellant**

**v.**

**Susan Combs, Comptroller of Public Accounts for the State of Texas, and
Greg Abbott, Attorney General for the State of Texas, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-11-000783, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Richmont Aviation, Inc., initiated a lawsuit challenging taxes assessed by the Comptroller of Public Accounts. In response, the Comptroller filed a plea to the jurisdiction alleging that Richmont failed to comply with the statutory prerequisites to filing suit and, therefore, that the district court did not have jurisdiction over Richmont's claims. After considering the jurisdictional arguments, the district court granted the plea. Richmont appealed the district court's ruling, and we will reverse the district court's order and remand for further proceedings.

## RELEVANT STATUTORY SCHEME

Before discussing the background of this case, we believe that a brief overview of the governing law is helpful to frame the issues and the overall dispute in this case. The dispute in this case pertains to a delinquent tax determination made by the Comptroller. After a tax

determination has been made, the tax code provides different methods by which one may challenge the determination.

The method pertinent to this appeal allows a taxpayer to seek an injunction prohibiting "the assessment or collection of a tax." Tex. Tax Code §§ 112.101-.108. However, the tax code also imposes criteria that must be met before a request for an injunction may properly be made. *Id.* § 112.101. For example, the code requires the taxpayer to file a statement with the Attorney General setting out the grounds for the injunction and to pay all taxes as well as the accompanying interest and penalties "then due" or file a "bond to guarantee the payment of the taxes, fees, and penalties in an amount equal to twice the amount . . . then due" and that will likely "become due" during the injunction's effective period. *Id.* § 112.101(a). Before an injunction may be granted, the taxpayer must show that he will be irreparably injured if the injunction is not issued, that he has "no other adequate remedy" available to him, and that he "has a reasonable possibility of prevailing on the merits of the claim." *Id.* § 112.1011.[1]

Of particular significance to this appeal is section 112.108 of the tax code. *Id.* § 112.108. As written, the provision seems to foreclose various types of challenges regarding taxes other than those summarized above. *Id.* In addition, the provision seemingly excuses a taxpayer from the obligation to prepay the disputed taxes as a condition of filing suit if the party files "an oath of inability to pay taxes" and "if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts." *Id.*

---

[1] In addition to allowing taxpayers to file a suit seeking injunctive relief, the tax code also authorizes a taxpayer to file suit seeking a refund of taxes paid, Tex. Tax Code §§ 112.151-.156, and to file a protest suit under which the taxpayer is required to pay the amount assessed and file a written protest challenging the tax, *id.* § 112.051-.052. Neither the refund nor the protest provisions are at issue in this appeal.

2

**BACKGROUND**

In 2004, Richmont purchased an aircraft and leased it to various companies. Although Richmont purchased the aircraft, it did not pay sales tax on the purchase. According to Richmont, it intended to lease the aircraft to companies that would conduct charter flights for paying customers. For that reason, Richmont believed that its purchase was exempt from sales taxes.

After performing an audit on Richmont, the Comptroller concluded that the purchase did not qualify for a sales-tax exemption. Accordingly, the Comptroller assessed Richmont $354,750.00 in sales taxes as well as interest on the amount assessed and penalties. Subsequent to receiving the Comptroller's determination, Richmont sought a redetermination of the taxes owed. At the end of the administrative hearing, the administrative law judge found in favor of the Comptroller and upheld the amount assessed.

After the administrative hearing, Richmont filed a lawsuit in district court seeking to challenge the Comptroller's assessment. In its petition, Richmont urged that its purchase of the aircraft qualified for the sale-for-resale exception. *See* Tex. Tax Code § 151.006(a)(2). Alternatively, Richmont argued that its use of the aircraft qualified for the sales-and-use exemption. *See id.* § 151.328(a)(1). In another claim, Richmont alleged that the Comptroller "has created an unequal taxation treatment within the industry" by determining that some companies leasing aircraft qualify for a tax exemption but that other similarly situated companies do not.

In its petition, Richmont contended that it was seeking injunctive relief prohibiting the Comptroller from collecting the assessed taxes and from seizing its assets. Although Richmont acknowledged in its petition that it has not paid the required bond or the assessed taxes along with

3

the accompanying interest and penalties, it contended that it does not have the money to pay the amount in controversy and should, therefore, be excused from the requirement of prepayment. Moreover, Richmont insisted that injunctive relief was warranted because it will be irreparably injured if the requested relief is not granted, because it has no other adequate remedy, and because it has a reasonable possibility of prevailing on the merits of its claims. *Id.* § 112.1011.

Alternatively, Richmont alleged that the requirement of filing a bond to pursue injunctive relief "is an unconstitutional bar to access to the courts" and asked the district court to declare the statutes governing injunctive relief "unconstitutional to the extent they represent an unconstitutional bar to [Richmont]'s right to access judicial redress."

Finally, Richmont sought "a determination of the proper construction and application of the relevant statutes of the Tax Code" and requested that the district court declare invalid a policy used by the Comptroller for determining if an exemption applies.

In response, the Comptroller filed a plea to the jurisdiction. In her plea, the Comptroller asserted that the district court did not have jurisdiction over Richmont's injunctive claim because Richmont did not pay the taxes assessed or file a bond as required by the tax code. *See id.* § 112.101(a). Moreover, the Comptroller acknowledged that Richmont alleged that it had insufficient funds to either pay the tax or a bond, but the Comptroller also argued that the other requirements of the inability-to-pay exception were not satisfied. *See id.* § 112.108. In particular, the Comptroller asserted that Richmont failed to submit "factual information that would allow the Court to make a finding that it cannot pay" and that Richmont failed to set a hearing regarding its inability to pay.

4

After reviewing the plea and convening a hearing regarding the plea, the district court issued an order granting the Comptroller's plea. In a separate document, the district court issued various findings and conclusions stating that Richmont did not prepay the tax or a bond, that Richmont did not submit sufficient evidence showing that paying the tax or the bond "would constitute an unreasonable restraint on its right of access to the courts," and that the district court did not have jurisdiction over the claims because Richmont did not comply with the provisions of the tax code governing injunctive relief. Moreover, the district court determined that granting the plea does not violate Richmont's right to open courts.[2]

Richmont appeals the district court's order granting the Comptroller's plea to the jurisdiction.

**STANDARD OF REVIEW**

A party may challenge a trial court's subject-matter jurisdiction over a case by filing a plea to the jurisdiction. *Houston Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007). A determination regarding whether a trial court has jurisdiction over a case is a question of law. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject-matter

---

[2] In its petition, Richmont also alleged that it was pursuing a tax-protest suit. *See* Tex. Tax Code § 112.051. In her plea, the Comptroller argued that although Richmont alleged that it was initiating a tax-protest suit, Richmont failed to pay "the amount claimed by the state under protest . . . and has not attached a copy of the written protest which determines the issues in a protest suit." *Id.* §§ 112.051-.052. When granting the plea, the district court dismissed all of Richmont's claims, including its claim that it was pursuing a tax-protest suit. On appeal, Richmont does not challenge the dismissal of its protest suit and instead focuses on its injunctive and declaratory claims. Accordingly, our ultimate ruling in this case does not affect the district court's dismissal of Richmont's tax-protest claim.

5

jurisdiction is a question of law that appellate courts review de novo, *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007), and may be asserted for the first time in an interlocutory appeal, *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95-96 (Tex. 2012). Moreover, appellate courts must consider their own jurisdiction "even if that consideration is sua sponte." *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012) (per curiam). In performing a jurisdictional analysis, courts look to the "plaintiff's petition to determine whether the facts pled affirmatively demonstrate that jurisdiction exists." *Holland*, 221 S.W.3d at 642.

## DISCUSSION

In two issues on appeal, Richmont challenges the propriety of the district court's order. In its first issue, Richmont asserts that it satisfied the jurisdictional requirements to obtain an injunction regarding the Comptroller's tax assessment. In particular, Richmont argues that it demonstrated that it will suffer an irreparable injury, that it has no other adequate remedy, and that it has a reasonable possibility of prevailing on its issues. *See* Tex. Tax Code § 112.1011. Moreover, Richmont contends that its failure to prepay the taxes assessed or file a bond is excused because it demonstrated that it was unable to pay the amount due. Accordingly, Richmont urges that its failure to pay either the amount owed or a bond does not act as a jurisdictional bar in this case as set out in section 112.108 of the tax code. *See id.* § 112.108. In its second issue on appeal, Richmont argues that section 112.108 is unconstitutional as applied in the circumstances of this case. Specifically, Richmont notes that the district court concluded that it failed to comply with the requirements of section 112.108 because it failed to show that prepaying the taxes or a bond "would constitute an unreasonable restraint on its right of access to the courts." Accordingly, Richmont insists that the

6

district court's application of section 112.108 in this case deprived it of its open-courts rights. *See* Tex. Const. art. I, § 13. In supporting the district court's ruling, the Comptroller contends that section 112.108 is constitutional. For that reason, the Comptroller urges that Richmont's suit is jurisdictionally barred because Richmont failed to prepay the taxes assessed or a bond and because Richmont failed to comply with the requirements of section 112.108 regarding filing an injunctive suit without prepayment.

For approximately two decades now, section 112.108 has been the subject of constitutional scrutiny by this Court and by the supreme court. In its original form, the provision prohibited challenges to tax assessments other than those listed in the tax code, contained no indigency exception to the requirement of prepayment, and provided as follows:

> Except for a restraining order or injunction issued as provided by this subchapter, a court may not issue a restraining order, injunction, declaratory judgment, writ of mandamus or prohibition, order requiring the payment of taxes or fees into the registry or custody of the court, or other similar legal or equitable relief against the state or a state agency relating to the applicability, assessment, collection, or constitutionality of a tax or fee covered by this subchapter or the amount of the tax or fee due.

*See* Act of May 2, 1989, 71st Leg., R.S., ch. 232, § 16, sec. 112.108, 1989 Tex. Gen. Laws 1070, 1074.

When discussing the constitutionality of the statutes authorizing judicial review of tax assessments, the supreme court held "that conditioning a taxpayer's right to initiate judicial review on the payment of taxes or the posting of a bond equal to twice the alleged tax obligation violates the open courts mandate." *R Commc'ns, Inc. v. Sharp*, 875 S.W.2d 314, 314 (Tex. 1994). In discussing its holding, the supreme court explained that prior to the enactment of section 112.108,

7

taxpayers were able to pursue declaratory-judgment actions to challenge the imposition of a tax without having to prepay the disputed taxes. *Id.* at 316. Further, the court explained that the combination of the prepayment provisions, the ban on declaratory judgments, and the inadequacy of waiting for a collection suit before being able to challenge the tax "mean that a taxpayer is financially restricted in its ability to get to court." *Id.* at 317-18. Accordingly, the supreme court determined that section 112.108 is unconstitutional and void. *Id.* at 318.

In a later case, the supreme court explained that the opinion in *R Communications* struck or invalidated section 112.108 because it precluded a taxpayer from "obtaining judicial review of tax liability by means of a declaratory action." *Weck v. Sharp*, 884 S.W.2d 153, 154 (Tex. 1994). Further, the court related that it was unnecessary to void the provisions of the tax code requiring the payment of a bond before pursuing injunctive remedies or requiring prepayment of taxes before a protest suit may be initiated, *see* Tex. Tax Code §§ 112.051, .101, because prior to the enactment of section 112.108, taxpayers had options for challenging the propriety of a tax assessment that did not require prepayent, *Weck*, 884 S.W.2d at 154. Accordingly, the court determined that because the prohibition in section 112.108 against declaratory-judgment actions and other similar remedies was invalid, the trial court could consider the taxpayer's declaratory claim and remanded the case. *Id.*

In an apparent attempt to correct the constitutional deficiency identified by the supreme court, the legislature amended section 112.108. *See* Act of May 18, 1995, 74th Leg., R.S., ch. 579, § 13, sec. 112.108, 1995 Tex. Gen. Laws 3374, 3377. The amended provision kept the original wording of the statute but added a provision seemingly authorizing a taxpayer to seek injunctive relief regarding tax assessments without having to prepay the tax or pay a bond if the

8

taxpayer files an "oath of inability to pay" and if the trial court "finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts." Tex. Tax Code § 112.108. The entirety of the provision reads as follows:

> Except for a restraining order or injunction issued as provided by this subchapter, a court may not issue a restraining order, injunction, declaratory judgment, writ of mandamus or prohibition, order requiring the payment of taxes or fees into the registry or custody of the court, or other similar legal or equitable relief against the state or a state agency relating to the applicability, assessment, collection, or constitutionality of a tax or fee covered by this subchapter or the amount of the tax or fee due, provided, however, that after filing an oath of inability to pay the tax, penalties, and interest due, a party may be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts. The court may grant such relief as may be reasonably required by the circumstances. A grant of declaratory relief against the state or a state agency shall not entitle the winning party to recover attorney fees.

*Id.*

After the amendment became effective, this Court was asked to determine the constitutionality of the modified provision. *Rylander v. Bandag Licensing Corp.*, 18 S.W.3d 296 (Tex. App.—Austin 2000, pet. denied). In *Bandag*, the trial court declared unconstitutional the amended version of section 112.108. *Id.* at 303. When considering the issue on appeal, we explained that the "indigency provision" is "irrelevant to the issue of whether that section constitutes an unreasonable financial barrier to access to the courts" and upheld the trial court's determination that the amended version was unconstitutional. *Id.* at 304; *see also Central Appraisal Dist. v. Lall*, 924 S.W.2d 686, 692-93 (Tex. 1996) (concluding that similar tax statute violated open-courts provision and imposed unreasonable financial barrier to court access even though it excused

prepayment for indigent taxpayers). Although a petition for review was filed in *Bandag*, the

supreme court declined to review the holding in our case.

Since our holding in *Bandag*, this Court has emphasized our constitutional ruling on

at least two occasions.[3] *See FM Express Food Mart, Inc. v. Combs*, No. 03-12-0144-CV, 2013 Tex.

App. LEXIS 2744, at \*17 n.6 (Tex. App.—Austin Mar. 15, 2013, no pet.) (mem. op.) (stating that

this Court previously determined that amended version of section 112.108 was unconstitutional);

*Local Neon Co. v. Strayhorn*, No. 03-04-00261-CV, 2005 Tex. App. LEXIS 4667, at \*17 n.6 (Tex.

---

[3] In another recent case, this Court discussed section 112.108 without referring to our previous determination that the provision is unconstitutional. *See Combs v. Entertainment Publ'ns, Inc.*, 292 S.W.3d 712, 722-23 (Tex. App.—Austin 2009, no pet.) (discussing how prohibition in section 112.108 preventing taxpayer from seeking declaration regarding assessment of tax did not bar all declaratory relief and would not have barred declaration regarding validity of rule sought in that case). Similarly, the supreme court has also discussed section 112.108 without discussing our constitutional ruling. *See In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455 (Tex. 2011). Specifically, the court recognized that section 112.108 sets out whether district courts "are authorized to provide mandamus or other similar relief." *Id.* at 471. Nothing in either opinion leads us to believe that our ruling regarding section 112.108 has been overturned.

On appeal, the Comptroller urges that another supreme court case did in fact overrule our prior determination. Specifically, the Comptroller urges that the supreme court overruled *Bandag* in *In re Nestle USA, Inc.*, 359 S.W.3d 207 (Tex. 2012). In *Nestle*, the court did discuss the restrictions imposed by section 112.108 and also discussed the amendment to the provision excusing prepayment in certain circumstances. *Id.* at 210-11 & n.38. Further, the court explained that the amendment was made to address the court's previous determination that the prior version violated the open-courts provision. *Id.* at 211 n.38. However, the court did not mention *Bandag* or our determination that the amended version was also unconstitutional, nor did the court expressly state that the amendment cured the constitutional infirmity. *See id.*; *see also FM Express Food Mart, Inc. v. Combs*, No. 03-12-0144-CV, 2013 Tex. App. LEXIS 2744, at \*17 n.6 (Tex. App.—Austin Mar. 15, 2013, no pet.) (mem. op.) (explaining that although supreme court in *Nestle* explained that statute was amended in response to determination that statute violated open-courts provision, supreme court "did not address whether it did so successfully"). Accordingly, we do not agree with the Comptroller's assertion that our determination in *Bandag* has been overruled.

App.—Austin June 16, 2005, no pet.) (mem. op.) (relating that Comptroller "concedes on appeal that this Court held section 112.108 unconstitutional").

Given this Court's previous determination that section 112.108 is unconstitutional and in light of the facts that one of the bases for Richmont's suit was the constitutionality of section 112.108 and other tax code provisions governing injunctive relief from tax assessments, that the Comptroller argued that the district court did not have jurisdiction over Richmont's injunctive claims because it did not comply with section 112.108, and that the alleged failure to comply with section 112.108 served as the basis the district court's decision to grant the plea, we must conclude that the district court erred when it granted the plea to the jurisdiction.

**CONCLUSION**

Having determined that the district court erred by issuing its order granting the Comptroller's plea to the jurisdiction, we reverse the district court's order and remand Richmont's injunctive claims and requests for declaratory relief for further proceedings consistent with this opinion. *Cf. R Commc'ns, Inc.*, 875 S.W.2d at 318-19 (remanding case to trial court after declaring that section 112.108 is void because trial court had jurisdiction over declaratory relief).

_____

David Puryear, Justice

Before Justices Puryear, Rose, and Goodwin

Reversed and Remanded

Filed:   September12, 2013

11