# IN THE SUPREME COURT OF TEXAS

══════════
No. 15-0176
══════════

LEDFORD WHITE AND M & M JOINT VENTURE, PETITIONERS,

v.

KENT DAVIS AND D. KENT DAVIS, P.C., RESPONDENTS

════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS
════════════════════════════════════════════

**PER CURIAM**

The jury awarded $2.8 million in exemplary damages against Ledford White, but the trial court applied the exemplary-damages cap in section 41.008(b) of the Texas Civil Practice and Remedies Code and reduced the award to $564,169.64. The court of appeals reversed and rendered judgment reinstating the jury award, holding that (1) section 41.008(b) is an affirmative defense that must be pleaded and (2) the trial court abused its discretion by allowing a trial amendment to add the statutory-cap defense. ___ S.W.3d ___, 2014 WL 7387045, at *10, *12 (Tex. App.—Fort Worth Dec. 29, 2014) (mem. op.). The court, however, did not have the benefit of our recent opinion in *Zorrilla v. Aypco Construction II, LLC*, in which we held that the exemplary-damages cap in section 41.008(b) is neither an affirmative defense nor an avoidance that must be affirmatively pleaded. 469 S.W.3d 143, 157 (Tex. 2015) (referring to TEX. R. CIV. P. 94).

Accordingly, without hearing oral argument, we grant the petition for review without

reference to the merits, vacate the court of appeals' judgment, and remand this case to that court to reconsider the exemplary-damages award in light of our recent decision. *See* TEX. R. APP. P. 59.1, 60.2(f).

**OPINION DELIVERED:** December 4, 2015