# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00397-CV

---

### Appellant, Texley Incorporated d/b/a Glamour Girls // Cross-Appellant, Glenn Hegar, in his Official Capacity as Texas Comptroller of Public Accounts

### v.

### Appellee, Glenn Hegar, in his Official Capacity as Texas Comptroller of Public Accounts // Cross-Appellee, Texley Incorporated d/b/a Glamour Girls

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-001834, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

---

### O P I N I O N

Taxpayer Texley Incorporated d/b/a Glamour Girls (Texley) challenges the district court's order sustaining the Comptroller's plea to the jurisdiction and dismissing all but one of Texley's claims challenging a tax assessment. On cross-appeal, the Comptroller challenges an order enjoining its efforts to collect the disputed assessment. Because the district court did not have the benefit of recent precedent from the Supreme Court of Texas, *see generally EBS Sols., Inc. v. Hegar*, 601 S.W.3d 750 (Tex. 2020), we will reverse both orders and remand the case.

### BACKGROUND

Texley has operated a bar and lounge in the Houston area since 2001. Before the lounge opened, Texley obtained a municipal permit that would allow Texley to operate the

lounge as a sexually oriented business pursuant to certain local ordinances. That permit allowed the lounge to provide entertainment featuring nude performers. In May of 2007, for reasons not relevant here, the City of Houston notified Texley that it would revoke the permit. The City allegedly informed Texley that it could continue to operate the lounge and provide live entertainment but said that Texley's entertainers would have to maintain the coverage provided by a bikini top and bottom at all times. According to Texley, it has operated the lounge—which it refers to as a "bikini bar"—in this manner since the revocation of the permit.

In 2015, the Comptroller levied an assessment of over $1.4 million against Texley for allegedly operating the lounge as a sexually oriented business from January 1, 2008, through September 1, 2015. *See* Tex. Bus. & Com. Code § 102.052(a) ("A fee is imposed on a sexually oriented business in an amount equal to $5 for each entry by each customer admitted to the business."). The Comptroller subsequently reduced the assessment to approximately $1.15 million. Texley denied it had operated a sexually oriented business during the period at issue but began paying the tax under protest. Texley eventually stopped making payments, averring that it was unable to do so.

Texley's protest was ultimately transferred to an administrative law judge (ALJ) at the State Office of Administrative Hearings (SOAH). Over the course of the contested-case hearing, Texley complained of certain discovery irregularities on the Comptroller's part and objected to the admission of much of the Comptroller's evidence. As relevant here, the ALJ overruled those objections but assured Texley that he would take Texley's concerns into account when evaluating "the weight of the evidence." After reviewing the competing arguments and the evidence, the ALJ issued a proposal for decision holding that the Comptroller had satisfied its burden to show that Texley was operating a sexually oriented business and recommending that

2

"the assessment against [Texley] should be upheld in its entirety." The Comptroller adopted the proposal with only minor revisions.

Texley sought judicial review of the Comptroller's final order under Chapter 112 of the Tax Code. In addition to bringing its claim under Chapter 112 of the Tax Code, Texley: (1) alleged that the Comptroller had engaged in ultra vires conduct by attempting to collect the assessment; (2) sought a declaration, under Section 37.003 of the Civil Practice and Remedies Code (the UDJA), that the Comptroller had no authority to collect the tax; (3) sought a declaration, under the UDJA, that Section 112.101 of the Tax Code is unconstitutional to the extent it "precludes Texley from obtaining judicial review of tax liability"; (4) sought a declaration, under Section 2001.038 of the Government Code, that certain regulations apply to the Comptroller during a contested-case hearing; and 5) sought an injunction "restraining the Comptroller from attempting to collect on the assessed fee until there is a decision on the merits." Texley did not pay the assessment before bringing suit, *see EBS Sols.*, 601 S.W.3d at 750 ("[T]he taxpayer normally must meet some prepayment prerequisite prior to bringing the tax suit." (citing Tex. Tax Code §§ 112.001, .051, .101)), but instead filed an oath of inability to pay taxes or post bond, *see id.* ("In section 112.108, the Legislature carved out an exception to the prepayment prerequisite." (citing Tex. Tax Code § 112.108)).

In response to the suit, the Comptroller raised a plea to the jurisdiction, emphasizing Texley's failure to make full payment of the amount assessed and arguing that Texley's claims, with the exception of its challenge to the constitutionality of Section 112.101, "are not authorized by statute and, therefore, are barred by sovereign immunity." The district court sustained the plea, dismissing "all of [Texley's] claims for lack of subject-matter jurisdiction except for its constitutional challenge to Texas Tax Code section 112.101." In a

3

separate order, the district court awarded Texley the requested injunction, prohibiting "the Comptroller from taking action in furtherance of collecting or enforcing Sexually Oriented Business Fees, penalties or interest for the assessment period of January 1, 2008 through September 30, 2015." Texley timely appealed from the order sustaining the plea to the jurisdiction, and the Comptroller timely appealed from the order awarding the injunction.

## TEXLEY'S APPEAL

Texley challenges the district court's order sustaining the Comptroller's plea to the jurisdiction. "Immunity from suit bars a suit against the State unless the Legislature expressly consents to the suit." *Texas Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). A state agency may assert sovereign immunity "through a plea to the jurisdiction or other procedural vehicle, such as a motion for summary judgment" or a Rule 91 motion. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018); *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.). When a governmental entity challenges jurisdiction on immunity grounds, the plaintiff "must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *See Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 927 (Tex. 2015) (per curiam) (quoting *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003)). We review the disposition of a plea to the jurisdiction de novo. *City of Houston v. Houston Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 575 (Tex. 2018).

As the source of the district court's jurisdiction over its suit for injunction, Texley's live petition points to Chapter 112 of the Tax Code.[1] With Chapter 112, "the Legislature has waived the State's sovereign immunity as to three types of tax challenges—protests, injunctions, and refunds—conferring exclusive, original jurisdiction on the district courts of Travis County." *EBS Sols.*, 601 S.W.3d at 750 (citing Tex. Tax Code §§ 112.001, .051, .101, .108; *In re Nestle USA, Inc.*, 359 S.W.3d 207, 208–09 (Tex. 2012) (orig. proceeding); *R Commc'ns, Inc. v. Sharp*, 875 S.W.2d 314, 318–19 (Tex. 1994)). "For each of these suits, the taxpayer normally must meet some prepayment prerequisite prior to bringing the tax suit." *Id.* (citing Tex. Tax Code §§ 112.001, .051, .101). "For a protest or refund suit, the taxpayer must first pay the amount allegedly owed in taxes and fees, accompanied by a statement as to which type of challenge the taxpayer makes." *Id.* (citing Tex. Tax Code §§ 112.051, .151). "For a suit seeking a statutory injunction, the taxpayer elects to either pay the taxes, fees, and penalties allegedly owed or file a 'good and sufficient bond' equal to twice the amount of taxes, fees, and penalties allegedly owed." *Id.* (quoting Tex. Tax Code § 112.101(a)). These prepayment requirements are jurisdictional. *See id*.

Yet "the Legislature [has] carved out an exception to the prepayment prerequisite, allowing certain taxpayers to challenge a tax assessment without meeting the prepayment prerequisite." *Id*. (citing Tex. Tax Code § 112.108). This narrow exception is set forth in the latter part of Section 112.108's general prohibition on suits for injunctive and declaratory relief:

---

[1] The Comptroller argues that Texley's Chapter 112 claim is not before this Court, but the order dismissing that claim is before this Court, *see* Tex. Civ. Prac. & Rem. Code § 51.014(8), and we cannot undertake review of the order without reference to the claim, *see Hegar v. Autohaus LP*, 514 S.W.3d 897, 906 (Tex. App.—Austin 2017, pet. denied) (explaining implications of relief available through Chapter 112 of the Tax Code for jurisdiction over claims brought under UDJA).

> Except for a restraining order or injunction issued as provided by this subchapter, a court may not issue a restraining order, injunction, declaratory judgment, writ of mandamus or prohibition, order requiring the payment of taxes or fees into the registry or custody of the court, or other similar legal or equitable relief against the state or a state agency relating to the applicability, assessment, collection, or constitutionality of a tax or fee covered by this subchapter or the amount of the tax or fee due, provided, however, that *after filing an oath of inability to pay the tax, penalties, and interest due, a party may be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts*.

Tex. Tax Code § 112.108 (emphasis added). By filing its oath of inability to pay, Texley seeks to avail itself of this exception to the general rule requiring prepayment.

The Supreme Court of Texas recently clarified the procedure the district court must use to evaluate its jurisdiction over a suit for injunction when the taxpayer has not paid the amount assessed by the Comptroller. *See generally EBS Sols.*, 601 S.W.3d 744. In *EBS Solutions*, the taxpayer sought judicial review of a tax assessment under Chapter 112 after prepaying only part of the assessment. *Id*. at 747. In response to the taxpayer's petition for relief, the Comptroller raised a plea to the jurisdiction, arguing that the taxpayer could not invoke the district court's jurisdiction under Chapter 112 without first prepaying the entire assessment. *See id*. at 748. The taxpayer filed an oath of inability to pay pursuant to Section 112.108, and the district court held a hearing and found that full payment would constitute an "unreasonable restraint" on the taxpayer's access to the courts. *See id*. It then overruled the plea to the jurisdiction. *See id.* On appeal, this Court agreed with the Comptroller's interpretation of Chapter 112 but held that the taxpayer, on remand, could seek injunctive and declaratory relief through the UDJA. *See Hegar v. EBS Sols., Inc.*, 549 S.W.3d 849, 858 (Tex. App.—Austin 2018, pet. granted), *rev'd*, 601 S.W.3d 744 (2020).

The Supreme Court of Texas, however, rejected both this Court's holdings and the Comptroller's characterization of the district court's jurisdiction. *See* 601 S.W.3d at 760–61. While the high court acknowledged that Chapter 112's waiver of sovereign immunity "normally" requires the taxpayer to make payment under protest before bringing suit, *see id*. at 750, it went on to hold that the taxpayer had invoked jurisdiction over its challenge by availing itself of Section 112.108's exception to the general prepayment requirement, *see id.* at 761. The Court explained:

> Under section 112.108, a taxpayer is excused from the prepayment prerequisites otherwise required to waive the State's sovereign immunity only if: (1) the taxpayer files an oath of inability to pay the tax, penalties, and interest due; (2) a hearing is set and notice provided; (3) the trial court conducts a hearing; and (4) the trial court finds that "prepayment would constitute an unreasonable restraint on the party's right of access to the courts."

*Id*. at 760–61 (quoting Tex. Tax Code § 112.108). Finding these criteria satisfied in the taxpayer's case, the Supreme Court rejected the Comptroller's jurisdictional arguments and the taxpayer's as-applied challenge to the constitutionality of Section 112.108's restriction on suits for injunctive and declaratory relief. *See id*. at 760.

In this case, as in *EBS Solutions*, the taxpayer sought judicial review of an assessment under Chapter 112 without first paying the entire amount assessed. Also like in *EBS Solutions*, the taxpayer filed an oath of inability to pay. But in absence of the high court's guidance in *EBS Solutions*, which had not yet been decided, the district court did not hold a hearing on the alleged ability to pay or determine whether "prepayment would constitute an unreasonable restraint on [Texley's] right of access to the courts." *See id*. Those procedures are mandatory once a taxpayer files an oath of inability to pay. *See id.* at 762 ("The oath simply leads to the next steps in the process."). This Court has no power to hold such a hearing or make

7

such a finding. *See Texas Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986). As such, both parties have acknowledged that remand for the hearing and determination is appropriate here.[2] Accordingly, because the district court did not follow the procedures the Supreme Court requires in cases like these, we will reverse the district court's order sustaining the plea to the jurisdiction and remand the case for readjudication of that plea following a hearing on Texley's alleged inability to pay the disputed tax assessment. *See White v. Davis*, 475 S.W.3d 783 (Tex. 2015) (remanding for reconsideration under intervening precedent); *North Am. Consultants, Inc. v. MacLennan*, No. 13-00-289-CV, 2000 WL 34410008, at \*4 (Tex. App.—Corpus Christi Dec. 7, 2000, no pet.) (remanding for "compliance with" procedures set forth in intervening precedent); *First Bank v. Shiflett*, 843 S.W.2d 610, 618 & n.1 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (gathering authority and explaining that correct disposition in such cases is reversal and remand, not vacation and remand).

## THE COMPTROLLER'S CROSS-APPEAL

The Comptroller challenges the district court's order enjoining its collection efforts. A temporary injunction is an extraordinary remedy designed to preserve the status quo of the subject of litigation pending trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993). Although the party seeking an injunction is not required to establish it will prevail at trial, it must establish: (1) a

---

[2] Texley urges this Court to decide the question of ability to pay as a matter of law, but we decline to do so. In addition to clarifying the procedure required to evaluate a challenge to an assessment where the taxpayer has filed an oath of inability to pay, the high court's analysis in *EBS Solutions* also bears on the viability of Texley's UDJA claim and its constitutional challenge. The district court should have the first opportunity to consider those implications for this case. *See Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d 314, 317 (Tex. 2012) ("[J]udicial decision-making is more accurate when trial courts have the first opportunity to consider and rule on error.").

8

cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim if the injunction is not granted. *Butnaru*, 84 S.W.3d at 204; *Walling*, 863 S.W.2d at 58. We review an order granting a temporary injunction for clear abuse of discretion. *Walling*, 863 S.W.2d at 58. A court abuses its discretion when it acts without regard for governing legal principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

In this case, the district court granted injunctive relief based on Texley's constitutional challenge to Section 112.101 of the Tax Code. That section provides:

> (a) An action for a restraining order or injunction that prohibits the assessment or collection of a tax or fee imposed by this title or collected by the comptroller under any law, including a local tax collected by the comptroller, or a statutory penalty assessed for the failure to pay the tax or fee may not be brought against the public official charged with the duty of collecting the tax or fee or a representative of the public official unless the applicant for the order or injunction has first:
>
>> (1) filed with the attorney general not later than the fifth day before the date the action is filed a statement of the grounds on which the order or injunction is sought; and
>>
>> (2) either:
>>
>>> (A) paid to the public official who collects the tax or fee all taxes, fees, and penalties then due by the applicant to the state; or
>>>
>>> (B) filed with the public official who collects the tax or fee a good and sufficient bond to guarantee the payment of the taxes, fees, and penalties in an amount equal to twice the amount of the taxes, fees, and penalties then due and that may reasonably be expected to become due during the period the order or injunction is in effect.
>
> (b) The amount and terms of the bond and the sureties on the bond authorized by Subsection (a)(2)(B) must be approved by and acceptable to the judge of the court granting the order or injunction and the attorney general.

9

(c) The application for the restraining order or injunction must state under the oath of the applicant or the agent or attorney of the applicant that:

(1) the statement required by Subsection (a)(1) has been filed as provided by that subsection; and

(2) the payment of taxes, fees, and penalties has been made as provided by Subsection (a)(2)(A) or a bond has been approved and filed as provided by Subsection (a)(2)(B) and Subsection (b).

(d) The public official shall deliver a payment or bond required by Subsection (a)(2) to the comptroller. The comptroller shall deposit a payment made under Subsection (a)(2)(A) to the credit of each fund to which the tax, fee, or penalty is allocated by law. A payment made under Subsection (a)(2)(A) bears pro rata interest. The pro rata interest is the amount of interest that would be due if the amount had been placed into the suspense account of the comptroller.

Tex. Tax Code § 112.101. Texley asked the district court to declare this section "unconstitutional to the extent [it] represent[s] an unconstitutional bar to TEXLEY's right to access judicial redress, unconstitutional bar to access to the courts, precludes TEXLEY from obtaining judicial review of tax liability by means of a declaratory action, violates the open-courts provision and imposes unreasonable financial barrier to court access."

Based on its own arguments and the governing legal authority, Texley cannot establish a probable right to the declaration sought. The open-courts clause provides, "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." *See* Tex. Const. art. I, § 13. The Supreme Court of Texas has explained that this clause prohibits, as relevant here, "unreasonable financial barriers" to judicial review. *Central Appraisal Dist. v. Lall*, 924 S.W.2d 686, 692 (Tex. 1996). Texley has filed an oath of inability to pay as outlined in Section 112.108 of the Tax Code, seeking to avail itself of the prepayment exception discussed in *EBS Solutions* and thereby obtain judicial review of the disputed assessment without first paying that assessment or posting bond. *See EBS*

10

*Sols.*, 601 S.W.3d at 760–61. If it prevails with these arguments, the district court will have no choice but to afford Texley the judicial review it seeks without requiring prepayment, *see id.*, thereby eliminating the complained-of "bar" to "judicial redress." If Texley does not prevail with those arguments, it will be because the district court found that the statutory obligation to pay the assessment—while undeniably presenting a financial predicate to judicial review—does not "constitute an *unreasonable* restraint on [Texley's] right of access to the courts," *see* Tex. Tax Code § 112.108 (emphasis added) (requiring such determination). Such a finding would preclude Texley's as-applied constitutional challenge as a matter of law. *See EBS Sols.*, 601 S.W.3d at 754 (noting that open-courts provision prohibits only "unreasonable" financial barriers to access to courts). Thus, because Texley cannot establish a probable right to the relief sought through its constitutional challenge to Section 112.101 of the Tax Code, it is not entitled to a temporary injunction pending the adjudication of that claim.[3] We therefore reverse the order awarding the injunction.

## CONCLUSION

We reverse the order sustaining the plea and the order enjoining the Comptroller's collection efforts. We remand for further proceedings consistent with this opinion and the Supreme Court's holdings and reasoning in *EBS Solutions*, 601 S.W.3d 744.

---

[3] We express no opinion as to whether, on remand, Texley can establish a right to an injunction based on any of its other claims.

11

_____

Edward Smith, Justice

Before Justices Goodwin, Baker, and Smith

Reversed and Remanded

Filed:   October 23, 2020